PERCY L. ANDERSON SR.
SIERRA ANDERSON
7976 Alton Dr.
Lemon Grove, Ca 91945
(619) 408-3424
(619) 464-1856
Pro Per

NUNC PRO TUNC

AUG 3 0 2011

FILED

11 SEP -2  AM 9: 42

~~SOUTHERN DISTRICT OF CALIFORNIA~~

BY ~~JV~~  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

PERCY ANDERSON SR.
SIERRA ANDERSON

                **Plaintiff,**

    vs.

DISTRICT ATTORNEY OFFICE, et al.,

             **Defendants**

Civil Case No. <u>11-CV-0572-IEG (MDD)</u>
Amended Complaint Under Civil
Rights Act 42 U.S.C. § 1983

1

## **COMPLAINT**

This case arises from the unlawful seizure and detention of Nevaeh S. Anderson from the care and custody of her father and mother, Percy Anderson Sr., and Sierra Anderson and the efforts to permanently separate Mr. and Mrs. Anderson from their child Nevaeh.

Plaintiffs are not trying to relitigate old issues; however, that is exactly what the County Defendants have done, and has in fact been relitigating old issues to detain and remove Plaintiffs child Nevaeh. Plaintiffs are questioning the <u>rules, laws, policy and procedure,</u> and the violations of Plaintiffs civil and constitutional rights that were violated by these defendants. Plaintiff's due process rights were violated, Plaintiffs were racially discriminated against by these defendants and treated unfair, causing mental, emotional and physical harm by all the defendants.

On or about 4/8/08-8/8/09 Judge Campos discriminated against the plaintiffs, committed multiples violations of plaintiffs due process rights, Judge Campos was bias, this case was racially profililed, Judge Campos made and allowed racial remarks, partial, favoritism, improper courtroom decorum, improper influence, other improper or illegal activities including off-bench conduct, perjury, poor judgment, complete lack of concern, prejudicial misconduct, failure to ensure rights, judicial misconduct, cronyism, corruption and many other violations that are associated with the canon rules. Judge Campos who initially signed a document and stated verbally that she had no intention of detaining Nevaeh, that she only wanted to know the whereabouts of Nevaeh and check her well being and to make sure Nevaeh was safe and not in the plaintiffs home. Judge Campos was influenced by defendants Tonya Sloan and Candi Mayes by believing that Nevaeh was living in the home with the plaintiffs and was at risk of sexual rape and abuse, although it was very well established that sexual rape of any of the children was a fabricated story by Tonya Sloan and Candi Mayes. Not only did Judge Campos allow perjury in her courtroom, she allowed the defendants to testify falsely continuously,

2

continuously filing documents alleging that plaintiff Percy raped or sexually raped, molested a minor with a shotgun and Nevaeh was at risk of sexual rape or abuse. Judge Campos conspired and made the defendants feel comfortable with committing perjury and discriminating against the plaintiffs, making racial remarks such as nigger, trash and a disgrace to your race and family. Judge Campos also took months and months off from this case allowing the defendants to keep plaintiffs kids from them. Judge Campos took away plaintiffs rights to their child Nevaeh, plaintiffs were never allowed to place the child with a family member, plaintiffs were never able to make doctor appointments for their child or go to any of their doctor appointments, plaintiffs were unaware and never notified of any check ups or health problems of Nevaeh. Plaintiffs never signed any papers or agreed to any doctor appointments that were being ministered to the child, plaintiffs never signed any documents for the child to go on vacations or leave out of town or take any medicine, yet Judge Campos held <u>Ex-Parte hearings over 10 times without giving plaintiffs notice or a opportunity to be heard or present at these hearings,</u> giving the defendants the advantage and violating plaintiffs due process rights and our rights as parents. Judge Campos abused her power and authority, she was very bias, prejudice and discriminated against Plaintiffs, violated the policy and laws of the cannon rules and participated in a conspiracy and scandal to receive federal funding and showed favoritism to her county friends/ defendants and allowed attorneys and social workers to curse and speak to Plaintiffs with no respect, referring to Plaintiffs Percy and Sierra as "these people" "your kind" "your type" "dumb nigger" or "people like you". Judge Campos was bias and one-sided placing restraining orders on plaintiffs without any notice or hearings, no physical evidence of any wrong doing. Plaintiffs were limited with their evidence and denied the opportunity to present any physical evidence; plaintiffs were not allowed to put forward any plausible defense. Judge Campos must stay in the limits provided by the law, she may not break or allow the law to be broken or take the law into her own hands. When Plaintiffs attorney was absent Judge Campos allowed the opposing party and their County attorneys to represent Plaintiffs, which was unfair, not in

Plaintiffs favor and Plaintiffs was not in agreement with the same people that was against them to represent them, which is a conflict.

Judge Campos challenged the legislative and the Supreme Court, more ever she defiled her own court rules, judicial rules. Judge Campos retried plaintiff on allegations that plaintiff had already went to trial for and was found not guilty, the accusations were false and the case had already been adjudicated. This case has been about racial discrimination, power, control, freedom and lawless, about disregard for a society that exists, no one is above the law. This type of treatment was discrimitory, prejudice, unprofessional, unjust and unconstitutional.

On or about 9/11/08-12/11/08 Judge Huegenor also discriminated against the plaintiffs, committed multiples violations of plaintiffs due process rights, Judge Huegenor was bias, this case was racially profililed, Judge Huegenor made and allowed racial remarks, partial, favoritism, improper courtroom decorum, improper influence, other improper or illegal activities including off-bench conduct, perjury, poor judgment, complete lack of concern, prejudicial misconduct, failure to ensure rights, judicial misconduct, cronyism, corruption and many other violations that are associated with the canon rules. Judge Huegenor retried plaintiff on allegations that plaintiff had already went to trial for and was found not guilty, the accusations were false and the case had already been adjudicated. Judge Huegenor who initially signed a document and stated verbally that she had no intention of detaining Nevaeh, that she only wanted to know the whereabouts of Nevaeh and check her well being and to make sure Nevaeh was safe and not in the plaintiffs home. Judge Huegenor was influenced by defendants Tonya Sloan, Candi Mayes, Candi Cohen and Judith Klein by believing that Nevaeh was living in the home with the plaintiffs and was at risk of sexual rape and abuse, although it was very well established that sexual rape of any of the children was a fabricated story by Tonya Sloan and Candi Mayes. Not only did Judge Huegenor allow perjury in her courtroom,

4

she allowed the defendants to testify falsely continuously, continuously filing documents alleging that plaintiff Percy raped or sexually raped, molested a minor with a shotgun and Nevaeh was at risk of sexual rape or abuse. Judge Huegenor conspired and made the defendants feel comfortable with committing perjury and discriminating against the plaintiffs, making racial remarks such as nigger, trash and a disgrace to your race and family. Judge Huegenor took away plaintiffs rights to their child Nevaeh, plaintiffs were never allowed to place the child with a family member, plaintiffs were never able to make doctor appointments for their child or go to any of their doctor appointments, plaintiffs were unaware and never notified of any check ups or health problems of Nevaeh. Plaintiffs never signed any papers or agreed to any doctor appointments that were being ministered to the child, plaintiffs never signed any documents for the child to go on vacations or leave out of town or take any medicine, yet <u>Judge Huegenor held Ex-Parte hearings over 6 times without giving plaintiffs notice or a opportunity to be heard or present at these hearings,</u> giving the defendants the advantage and violating plaintiffs due process rights and our rights as parents. When Plaintiffs attorney was absent Judge Huegenor allowed the opposing party and their County attorneys to represent Plaintiffs, which was unfair, not in Plaintiffs favor and Plaintiffs was not in agreement with the same people that was against them to represent them, which is a conflict of interest. Judge Huegenor abused her power and authority, she was very bias, prejudice and discriminated against Plaintiffs, violated the policy and laws of the cannon rules and participated in a conspiracy and scandal to receive federal funding and showed favoritism to her county friends/ defendants and allowed attorneys and social workers to curse and speak to Plaintiffs with no respect, referring to Plaintiffs Percy and Sierra as "these people" "your kind" "your type" "dumb nigger" or "people like you". Plaintiffs were limited with their evidence and denied the opportunity to present any physical evidence; plaintiffs were not allowed to put forward any plausible defense. During trial Judge Huegenor would sometimes fall asleep when plaintiff testified. Judge Huegenor held these ex-parte hearings without giving any type of notice to the plaintiffs or their juvenile

attorneys; plaintiffs were never notified of these secret meetings involving their kids. Judge Huegenor held a ex-parte hearing on a child 9/23/08-9/24/08 that was not related to the plaintiffs, however, Judge Huegenor conspired with the social worker Sloan to use a fake name, birthday and social security number to issue a pick-up- and- detain order on this unknown child. Judge Huegenor not only conspired, but allowed Tonya Sloan and Candy Mayes to say that this child was plaintiff's daughter and she was in the home with plaintiffs and was at risk of rape or molestation. Later on after plaintiffs gave Judge Huegenor Nevaeh name and whereabouts, the name, social and birthday was switched to Nevaeh name on the reports and the warrant. Judge Huegenor must stay in the limits provided by the law, she may not break or allow the law to be broken or take the law into her own hands. Judge Huegenor challenged the legislative and the Supreme Court; more ever she defiled her own court rules, judicial rules. This case has been about racial discrimination, power, control, freedom and lawless, about disregard for a society that exists, no one is above the law. This type of treatment was discrimitory, prejudice, unprofessional, unjust and unconstitutional.

On or about 10/8/09-12/10  Judge Staven discriminated against plaintiffs and made remarks that showed he was bias and prejudice. Judge Staven demeanor towards plaintiffs was very hateful and rude, he made it clear that he was one sided and showed favoritism to the county officials. Judge Staven held conversations and talked about the case outside the courtroom with order court officials. Judge Staven not only called plaintiffs liars and tried to bully and intimidate plaintiffs in the court room, but he turned his nose up and gave plaintiffs dirty looks on numerous occasions and said he would never believe a word that the plaintiffs said. Judge Staven stopped the visits with Nevaeh so that plaintiffs would not reunify with their child. When the county officials would lie and create an argument with the plaintiffs, Judge Staven would only yell and tell the plaintiffs to shut up.

On or about 7/10-1/11   Judge Bashant  who also discriminated against the plaintiffs, committed multiples violations of plaintiffs due process rights, Judge Bashant was bias, this case was  racially profililed, Judge Bashant allowed racial remarks, partial, favoritism, improper courtroom decorum, improper influence, other improper or illegal activities including perjury, poor judgment, complete lack of concern, prejudicial misconduct, failure to ensure rights, judicial misconduct, cronyism, corruption and many other violations that are associated with the canon rules. Judge Bashant stated that Juvenile Dependency is the highest court, meaning they are the biggest and control the other courts, in other words Juvenile Dependency cannot be touched. Judge Bashant also kicked Plaintiff Percy out of the court room during a trial, because Plaintiff Percy had more questions than the County Defendants and more evidence, however, Judge Bashant never stipulated how much time each person had to question the witness, she never indicated to the County Defendants that they were on a time frame, but Judge Bashant always interrupted Plaintiff Percy during cross examine.

Judge Bashant retried plaintiff on allegations that plaintiff had already went to trial for and was found not guilty, the accusations were false and the case had already been adjudicated. Judge Bashant got mad at the plaintiff during a hearing and yelled at the plaintiff stating that she need to hurry up with this case so that she can terminate our parental rights and she did not want to make any mistakes so that the case would not come back to her in her court room. Judge Bashant was influenced by defendants Tonya Sloan, Brooke Guilds, Evangelina Woo and Elizabeth Edwards by believing that Nevaeh was living in the home with the plaintiffs and was at risk of sexual rape and abuse, although it was very well established that sexual rape of any of the children was a fabricated story by Tonya Sloan and Candi Mayes. Not only did Judge Bashant allow perjury in her courtroom, she allowed the defendants to testify falsely continuously, continuously filing documents alleging that plaintiff Percy raped or sexually raped, molested a minor with a shotgun and Nevaeh was at risk of sexual rape or abuse.  Judge Bashant conspired and made the defendants feel comfortable with committing perjury

and discriminating against the plaintiffs, making racial remarks such as nigger, trash and your kind.  Judge Bashant took away plaintiffs rights to their child Nevaeh, plaintiffs were never allowed to place the child with a family member, plaintiffs were never able to make doctor appointments for their child or go to any of their doctor appointments, plaintiffs were unaware and never notified of any check ups or health problems of Nevaeh. Plaintiffs never signed any papers or agreed to any doctor appointments that were being ministered to the child, plaintiffs never signed any documents for the child to go on vacations or leave out of town or take any medicine, yet Judge Bashant held Ex-Parte hearings over 2 times without giving plaintiffs notice or a opportunity to be present at these hearings, giving the defendants the advantage and violating plaintiffs due process rights and our rights as parents. When it was Plaintiffs turn to question the witness or defendants, Judge Bashant got mad at plaintiffs and threaten to kick plaintiff out the court room if plaintiff didn't finish the questions. Plaintiff then responded by telling Judge Bashant that our kids have been kidnapped and stolen and we were fighting for our rights as parents, Judge Bashant responded by saying that plaintiffs are limited on questions and our time to question and call witness is running out, whereas, Judge Bashant allowed the county to question and call witness as much as they wanted with out interfering with them.

 Judge Bashant  abused her power and authority, she was very bias, prejudice and discriminated against Plaintiffs, violated the policy and laws of the cannon rules and participated in a conspiracy and scandal to receive federal funding and showed favoritism to her county friends/ defendants and allowed attorneys and social workers to curse and speak to Plaintiffs with no respect, referring to Plaintiffs Percy and Sierra as "these people" "your kind" "your type" "dumb nigger" or "people like you". Plaintiffs were limited with their evidence and denied the opportunity to present any physical evidence; plaintiffs were not allowed to put forward any plausible defense.  Judge Bashant must stay in the limits provided by the law, she may not break or allow the law to be broken or take the law into her own hands. Judge Bashant challenged the legislative and the

Supreme Court; more ever she defiled her own court rules, judicial rules. This case has been about racial discrimination, power, control, freedom and lawless, about disregard for a society that exists, no one is above the law. This type of treatment was discrimitory, prejudice, unprofessional, unjust and unconstitutional.

This was the type of treatment that the Plaintiffs had to endure right here in the State of California, right here in San Diego, Ca, I assure you that racial discrimination and hate crimes are not consistent with State or Federal law. This is the type of treatment that innocent African American men have had to tolerate, endure and suffer for years, because of a white woman accusing a black man of rape. How long will this modern day slavery continue, how long will it take for racial discrimination to erase itself from peoples heart and soul. defendants basically said screw the Plaintiffs civil liberties.

The Judge Defendants and the County Lacked Jurisdiction over Nevaeh, citing **(Abelleira v. District Court of Appeals (1941) 17 cal.2d 280, 288-291.) whereas, In re Stephanie M. (1994) 7 Cal. 4th 295, 310.) Under the Act, a California court has jurisdiction in a dependency case if California was the child's home state when the hearing or proceeding commenced, with home state defined [131 Cal. App.4th 246] as the state in which the child lived with a parent for at least six consecutive months immediately before the commencement of the proceeding. (Fam. Code, § § 3402, subd. (g), 3421, subd. (a)(1), 3422.).** Although Nevaeh was born in San Diego Ca, she has never went to school here, and the fact that family members had legal guardianship of her in another state, reflects the fact that another court in another state had jurisdiction over Nevaeh. Nevaeh did not live with the plaintiffs for at least six months, nor was California Nevaeh's home state when the hearing or proceeding commenced.

Plaintiffs have never been served a petition or attended a detention hearing involving the child Nevaeh Anderson; however, after doing a thorough investigation of this entire case and a complete research of records and documents, it has become clear and obvious that based on the evidence, facts, and witnesses (names unknown) not only

did the Defendants conspire and discriminate against Plaintiffs, but the Juvenile Courts also used outside agencies and government resources for a cover up, although the Defendants would deny these accusations as fabrication and false pretense, the facts and evidence speaks for itself.

Dioguardi v. Durning ---2[nd] Circuit 1944: Under new rules, there is no pleading requirement of stating facts sufficient to constitute a cause of action..... only a short and plain statement. FRCP 12 (b) (6) is for failure to state a claim, not a cause of action. Citing: Conley v. Gibson   USSC 1957: A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true. All that needs to be shown to survive a motion for judgment for failure to state a claim is that there is a set of facts that is plausible on its face, under which the claimant could recover? Boreen, 884 P.2d at 762 (quoting Wilson v. Taylor (1981), 634 P.2d 1180, 1182., It is the District Court assumption that the complaint contains evidence to sustain every finding of fact.........

The fact is that when the Defendants violated Plaintiffs Constitutional and Civil rights, who exactly was in command, under whose orders were the Defendants following. There are policies and procedures that the Defendants must follow, whether it is by State laws or Federal laws, the rules apply to these Defendants just as well as any other officer and government official of any state or court proceeding.

Plaintiffs have not killed anyone, yet the children were taken from our lives, based on false allegations, discrimination, false witnesses and an illegal trial, Plaintiffs were wrongfully accused of outrageous and ridiculously sexual crimes, murder and so on. Plaintiffs are human beings, even accused criminals are still humans and when you wrongfully accuse or falsely arrest someone of a crime that they did not commit then you are liable in damages. The County Defendants continue to undermine justice, impose their will & power on innocent families. This is not about what's doing best for the public or in the best interest for any children, the Defendants actions was outrageous and malicious.

The Defendants violated Plaintiffs constitutional rights by removing Nevaeh from her relatives care, inadequately investigated allegations of sexual rape and abuse and neglect. Nevaeh has never suffered, nor was Nevaeh ever at substantial risk of suffering serious physical harm while residing with family members, nor was there ever any future risk of serious future injury, based on a less or past injury, nor was there any injuries on Nevaeh or Nevaeh siblings in the present or the past. The Defendants deliberately, willfully discriminated and fabricated evidence in support of the dependency petitions and violated Plaintiffs rights by referring Plaintiffs children to sexual abuse examinations to circumcise Plaintiffs children, and physical examination without parental consent or a court order more than 20 times.

Either parent can sue for interference with parental rights. (Strode v. Gleason, 510 P .2d 250 (1973)

Judge Campos, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo held 4 detention hearings on a child whom they claim was Plaintiffs child without any type of notice of these hearings, nor allowing the parents to be present. Plaintiffs were not aware of any of these detention hearings and ex-parte hearings, whereas, Plaintiffs are entitled to due process notice of juvenile court proceedings affecting the care and custody of their children and the absence of due process notice to a parent is a "fatal defect" in the juvenile court's jurisdiction. (In re B.G. (1974) 11Cal.3d 679, 688-689.) Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. "(Mullane v. Central Hanover Bank & Trust Co. (1950) 339 U.S. 306, 314) The means employed to give a party notice for due process purposes must be such as one, desirous of actually informing the party, might reasonably adopt to accomplish it.) A child only need to have one detention hearing per child, however, between Samari and Nevaeh there were 6-7 detention hearings, because the county and the courts could not keep up with the corrupt and dirt they were doing.

Parents have rights to jury trial in contempt cases (Bloom v. Illinois, 88 S.Ct.1477) (citing Duncan v. Louisiana, 88 S. Ct 1444). Contempt of Court is quasi-criminal, merits all constitutional protections: (ex-parte Davis, 344 SW 2d 925 (1976). The Social Worker

Defendants deliberately and purposely ignored the Judge Defendant's court orders without any fear of being punished or charged, without any fear of the consequences that may come from the Social Worker Defendants non compliance or disobeying direct court orders from the Judge Defendants.

The Judge Defendants not only knew that the Social Workers were bias, prejudice and in contempt of court and non compliance with court orders, but the Judge Defendants abused their authority by allowing this type of disobedience and illegal activity to continue for years in their court room, turned their heads and looked the other way, covered and conspired for the Social Worker Defendants in an effort to detain Plaintiffs daughter Nevaeh and Nevaeh siblings and other dependant children caught up in the Juvenile Dependency courts.

A conspirator is responsible for the acts of other conspirators who have left the conspiracy before he joined it, or joined after he left it; statues of limitations tolled for previous act when each new act is done. US v. Guest, 86 S.Ct. 1170;

The value of things are not always engraved on their surface, and Plaintiffs were a target because the color of the surface of their skin.

Judge Campos, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo violated our familial rights and discriminated against Plaintiffs from the beginning of this case, the Defendants took away Plaintiffs parental rights and our educational rights to Plaintiffs children the minute they detained the children. The County Defendants have never taken Nevaeh or her siblings to a physical examination within 72hrs of the time the children were taken into protective custody (W.I.C 324.5. (a). The Judge Defendants, Social Worker Defendants and the County Defendants have never attempted to maintain the child Nevaeh or her siblings with any family members through the provision of services.

The Plaintiffs were never given an opportunity to exercise their rights as parents, Plaintiffs legal and parental rights were taken away immediately and the Plaintiffs were racially discriminated and profiled by these Defendants. Under the (W.I.C.308. (b) Immediately after being taken to a place of confinement pursuant to this article and, except where physically impossible, no later than one hour after he or she has been taken into custody,

a minor 10 years of age or older shall be advised that he or she has the right to make at least two telephone calls from the place where she or he is being held, one call completed to his or her parents, guardian, or a responsible relative. Any public officer or employee who willfully deprives a minor taken into custody of his or her right to make these telephones calls is guilty of a misdemeanor. Nevaeh siblings were of age, yet not allowed and deprived of making any phone calls to their parents or relatives.

Laws and court procedures that are "fair on their faces", but administered "with an evil eye or a heavy hand" is discriminatory and violates the Equal Protection Clause of the Fourteenth Amendment. (citing Geisinger v. Vose, 352 F. Supp. 104 (1972). Plaintiffs are entitled to a jury trial as indicated in the Seventh Amendment. "Legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution. Pernell v. Sputhhall Reality. (416 U.S. 363, 40 L.E.d 2d 198, 94 S. Ct (1973). Jury trials are a must when holding a trial for civil contempt where "clear and convincing" evidence must be produced. United States Constitution, Amendment VII states: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law. " The jury......acts not only as a safeguard against judicial excesses, but also as a barrier to legislative and executive oppression. The Supreme Court....recognizes that the jury is designed to protect the public against oppressive government practices." (Hansen v. City of Legal Dept. 864 F .2d 1026, 3rd Cir. (1988).

Judge Campos, Judge Huegenor, Judge Staven,  Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo, Jane Simone, Brooke Guilds, Judy Matthews  discriminated and conspired against Plaintiffs by referring to Plaintiff as a 42 year old huge black man married to a younger black woman, Judge Campos, Judge Staven and Judge Huegenor was bias, one-sided,  prejudice and showed favoritism to  Tonya Sloan, Candi Mayes, Candice Cohen and Evangelina Woo allowing the defendants to discriminate and conspire  against Plaintiff by

stating that Plaintiff is a huge African American male, severally burned, raped and beat his kids, the leader of a notorious gang  and very dangerous and that it is against the law for Plaintiff to defend himself against any male or female who is 14, 15 or 16 years of age, who has a hammer, knife or gun. The fact remains that Self Defense is legal in the United States; it is legal in California, however, Judge Campos, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo argued that in the State of California it is illegal to defend yourself against a minor who is attacking you with a weapon and threatening you with bodily harm. Judge Campos, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo stated that the California Law requires Plaintiff to only grab and hold a violent minor when the minor is threatening to stab or kill you with any type of weapon, however, if you defend yourself by hitting the minor and disarming the minor then you are guilty of child abuse. Judge Campos, Judge Huegenor, and Judge Staven found this outrageous testimony to be credible, true and believable.

Plaintiffs asked several SDPO, Det., and DA officials that if in fact a minor was attacking anyone with a knife, gun or hammer then would that person have a right to defend or use physical force on the minor to defend themselves, 100% of all the officers involved in this research stated that if  necessary  they would use physical force on any minor from 12 to 18 years of age,  while 85% of officers stated they have had to use pepper spray, tasers, and sometimes officers have to use deadly force to disarm a minor who is in control of a deadly weapon.

The true question here is whether or not the California State Laws apply to Juvenile Dependency, or does the Juvenile court recognize or understands what (SELF DEFENSE) is;

The other question would be that if in fact the State Laws does apply to the Juvenile Dependency Courts, are the Defendants obligated to follow the State Laws and rules.

Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo, Shelly Paule, Jane Simone, Connie Cain and Brooke Guilds knew exactly what the law was and chose to ignore the law, when it pertains to self defense. These individuals conspired, plotted and discriminated against plaintiffs for many reasons, but it is

only obvious that the main reason is because we are black and plaintiffs stood up for their rights and beliefs.

Plaintiff's Attorneys Rena Wallenius informed Plaintiffs that Judge Staven is a recovering drug addict and alcoholic, he did in fact participate in a party that involved numerous attorneys and numerous friends. While at his party, Judge Staven discussed Plaintiffs case with plaintiff's attorney Rena Wallenius and Tracey Sang and with some of his associates and friends.

Due to Judge Campos being out sick for about 4 to 5 months, or taking vacations. Plaintiffs asked for a mistrial or asked that the case be moved to the East County, which is the county where the kids were actually removed from. However, Plaintiffs attorneys Rena Wallenius and Tracey Sang informed Plaintiffs that they were best friends with Judge Staven, they are real close to Judge Staven and his wife, Rena Wallenius and Tracey Sang said that Judge Staven would side with them and give them favor over the social worker because he has African American children and understands the African American culture and they had just been at his house discussing plaintiffs case and that Judge Staven would be fair and understanding since he has a young African American wife, who is very much younger than him, he has two kids and has all his ears pierced the way African American males do. Rena Wallenius stated that plaintiffs wife Sierra need only say that she is divorcing plaintiff, that she believes that plaintiff Percy raped and beat Jamaica Reid and their children and that plaintiff is moving out the house and plaintiff Sierra failed to protect the kids.

Plaintiffs argued and insisted on moving the case to the East County location, but the attorneys argued that Judge Staven was their friend and they had already discussed the case with him. Plaintiffs then explained that divorce is against plaintiffs religion, however, plaintiffs were not convinced and did not trust Rena W. and Tracey S., however, when plaintiff Percy tried to speak, plaintiffs attorney Rena Wallenius told him to shut the f---k up and shut his f--- ing mouth, that Plaintiff Percy was the county main target because he was a older black man with a younger black woman, that it was Plaintiff Percy that they hated and that social worker Tonya Sloan and Judge Huegenor had a personal vendetta against plaintiff, not only because he

was black, but because plaintiff was dumb and stupid and that the only way that plaintiffs would ever get their children back is for Plaintiff Sierra to get a divorce, move out of the home and admit on record that Plaintiff Percy raped and abused her sister Jamaica Reid with a shotgun and threw or pushed his oldest daughter Prea'jhana off a flight of stairs.

Rena Wallenius and Tracey Sang then stated that Judge Staven was not a racist/prejudice like some of the other County Defendants, and that they themselves hated the county defendants, however, Rena Wallenius explained how much power the Social Workers and County Attorneys Defendants have over Judges and that not even God had as much power as the County Defendants. Plaintiffs Attorney Rena W. even asked Plaintiff Percy one day ("do you really believe that God is going to hear you and come down like lightning and save your f--king children), these people are Gods themselves. Plaintiff Percy felt that Attorney Rena W. was incompetent, prejudice, had no faith or was intentionally trying to sabotage Plaintiffs case and was deliberately trying to provoke Plaintiff into an argument and make Plaintiff react negative, violent and angry. Plaintiff Sierra was emotionally angry and confused and traumatized after hearing this. Tracey Sang then told plaintiff Sierra that she also discipline her kids and that she still love her kids regardless, but if she was in Sierra shoes then she would call the police and lie and say her husband beat her to get him out of the house to get their children back and then move out of state with her kids and husband, Attorney Sang then informed plaintiff Sierra that she actually notified Candi Mayes, Tonya Sloan, Candice Cohen, Judge Campos of this plan and they were all in agreement with it, and that she would not be arrested for perjury, the county would not do that.

Judge Staven had already been influenced by the other defendants and judging by his attitude, his tone, and his facial expression towards Plaintiffs, Judge Staven judged us based on our religion and the color of our skin and he hated us with a passion, Judge Staven would have hung plaintiffs by a rope had this been 200 yrs ago. Judge Staven even barred plaintiffs from giving plaintiff's daughter a bible in his court room, even though plaintiff's daughter wanted the bible. Plaintiffs knew they were in the water with a lot of sharks and could

16

not fight them all, so the only logical thing to do was out swim them the best way we knew how.

Plaintiffs felt as though they were in a lynch mob sort of setting, you could not tell the difference between the Skin Heads, the KKK, or Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen or Evangelina Woo,. There was always at least 10 -16 white people in the court room, they were always laughing and giving us dirty looks as though we were some dirty black people, the vibes were very high in the court room, there was alot of hate coming from Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo,  when plaintiffs entered the courtroom, although Plaintiffs are legally married, the Judge Campos would always kick Plaintiff Sierra out of  the court room.  At one point and time Plaintiff Sierra was kicked out of the court room because the S.W. Tonya Sloan told  Judge Campos that Plaintiffs were not legally married, Judge Campos then asked Plaintiff Sierra for proof of a marriage license, Plaintiff Sierra then stated that she do not carry a marriage license on her. Judge Campos then told Plaintiff Sierra to get out of the court room, as Plaintiff Sierra was leaving the court room, Connie Austin and Tonya Sloan turned up their noses and told Plaintiff Sierra she was a disgrace and disgusting.

Judge Campos, Candi Mayes, Tonya Sloan and other Defendants that sat at the table just frowned and laughed while Plaintiff Sierra left the court room, Plaintiff Percy begin arguing with the Judge Campos for not treating Plaintiffs fair and equal as any other married couple, one of the white woman at the table called plaintiff stupid, Plaintiff Percy then called the white woman stupid, the county employee defendant and Candi Mayes then told Judge Campos that Plaintiff Percy was being angry and hostile, Judge Campos then commented to Plaintiff Percy that this was her court room and that Plaintiff Percy could be found in contempt of court. Plaintiff Percy then said to Judge Campos that "he couldn't tell who was in charge in the court room and if you're going to let the County Defendants disrespect Plaintiff and Plaintiffs wife then Plaintiffs will disrespect them back".

The County Defendants even called us names inside and outside of the court room, referring to us as these people, these niggers; they did things in front of the Judge Defendants

that you would not normally see in a court room when they are not familiar with the Judge. The Defendants made it direct, obvious and clear that they were prejudice against blacks, hated the Plaintiffs, racial profiling, discriminated against Plaintiffs, didn't care about the rules or laws, nor did they care about Plaintiffs Civil or Constitutional rights. Plaintiffs had always been the only two Blacks in the court room, there has never been an African American Social Worker or any type of African American Attorney involved on this case since 4/4/08.

Judge Huegenor once held a hearing while Plaintiff Percy was out sick due to medical issues for about two days, Plaintiff was hospitalized in the emergency room and had his doctor call the courtroom of Judge Huegenor to advice the courts that Plaintiff was ill, although Plaintiffs attorney asked Judge Huegenor to continue the trial for another date, Judge Huegenor was influenced by the County Defendants and moved forward with the trial without Plaintiffs being present and called key witness without Plaintiff present, which gave the County witnesses and Defendants an opportunity to lie.

Judge Huegenor needed to recuse herself from the case when there was a conflict between Plaintiffs first attorneys Rachael Young and Michael Powers, due to the fact that the attorneys were representing Plaintiffs on this present case and had also represented two foster parents from a previous case, the problem with these two foster parents from two different foster homes was the fact that they were still communicating and having conversations with Plaintiffs attorneys, Defendant Tonya Sloan placed some of Plaintiffs children in these two foster homes, Plaintiffs were not aware of this arraignment and had called one of the foster parents for a spiritual prayer, not even aware that Plaintiffs children were in this foster home. Attorney Rachael Young then informed Plaintiff Sierra that she spoke to one of the foster parents whom had some very vital important information/evidence that could get the entire case thrown out, when Plaintiff Sierra suggested that her Attorney Young reveal this damaging testimony to her, Attorney Young only replied by saying that she can't reveal the information that was told to her, because of attorney/client privilege.

18

Attorneys Young and Powers decided to remove themselves from the case based on the confidentiality of their past clients, however, when Attorneys Young and Powers called for a special hearing to remove themselves from the case, Judge Huegenor sat on the bench and listened to the testimony of Attorneys Young and Powers and knew exactly what the conflict of interest was about. Judge Huegenor never recused herself until after she heard the testimony, whereas, after Judge Huegenor heard the damaging information and realized that she may have to move the case to another district or dismiss the case, Judge Huegenor decided to send the Attorneys Young and Powers to a different Judge, yet in the same Juvenile Court.

Judge Huegenor then took the attorneys Young and Powers testimony and placed it under seal, it's obvious that Judge Huegenor did not want to lose this case, Judge Huegenor got desperate, but yet careless, whereas, even after Attorney Judith Klein suggested and warned Judge Huegenor that she may need to move the Anderson case to the east county, Attorney Judith Klein even suggested that she herself would volunteer to ask a Judge in the East county or either Chula Vista. Judge Huegenor decided to violate the rules and hear the case anyway so that her conspirators would not lose her or this case.

**(Sometimes injustice can take a life of its own)** Judge Huegenor also allowed all the witness who was there to testify against Plaintiff Percy to sit in the courtroom during the entire proceeding before they testified against Plaintiff Percy making their testimony tainted. It was plain unconstitutional and the entire case was contaminated and compromised from the beginning, starting with the social worker Tonya Sloan.

Power & Profit is all that the County Defendants know, greed will be their down fall, this is a very racially motivated case and Judge Campos, Judge Staven, Judge Huegenor,  committed willful misconduct in office, prejudicial conduct, and rude, improper treatment of parties, expressions of  bias based on religion, race, gender and ethnicity.   The Defendants conduct was heinous and beyond the standards of civilized

decency or utterly intolerable in a civilized society. This is a pattern of Social Worker and Judicial misconduct, Plaintiffs case is not just an isolated incident, the Plaintiffs were vulnerable and the Defendants knew it. Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo,  were in a position of power and they abused their authority. Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo used racial epithets and felt they did not owe the Plaintiffs a fiduciary duty. Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo were allowed to bring in old cases, old allegations stemming from as far as 20 years ago, imputing serious sexual misconduct, publishing it to a third party.

Plaintiff Percy had been found **(Not guilty)**, of 12 juries of his peers, however, Judge Huegenor basically retried the entire case and used the case against Plaintiff Percy as though he was found guilty of the charges, the Judge Campos, Judge Staven and Judge Huegenor violated the double jeopardy rule. Plaintiff Percy argued that just by bringing in his old cases, whether guilty or not guilty, that had already been frozen in time, would prejudice Plaintiff case, because Plaintiffs did not have any of these kids during that time and the fact that Plaintiff Percy was acquitted.

On or about 5/"08", in a taped setting, the Social Worker Defendant Tonya Sloan sat down with plaintiffs and said that because she didn't like Plaintiff Percy, this case was going to be personal and that this was going to be a battle to detain and keep Plaintiffs children.

Judge Huegenor Judge Campos, Judge Staven said they found the social worker Tonya Sloan, plaintiffs older children and plaintiffs ex-wives to be credible by a preponderance based only off of hearsay, and that plaintiffs are liars, however, Judge Campos, Judge Staven, Judge Huegenor never said which one of these stories they believed and exactly which allegation  they thought was true, was it the forced sexual rape with a shotgun, was it the sodomy, was it the lewd sexual acts of a minor, was it the

burning the kids with fire, burning the kids with a iron, stabbing the kids with knives, was it the stalking, was it the child molestation, was it the giving the kids bleach and pinesol, was it the murder, was it the three strikes that Plaintiffs have, was it the attempt to blow up the federal building, was it the gang rape on the children, was it the throwing kids off the top of the stairs,  was it that all my kids are a prodical of rape, was it  that plaintiff is the  leader of the skyline piru gang story, was it the attempted kidnapping of  kids at a elementary school or was it that I threw my wife down the stairs and caused her to be placed in the hospital for three months with my son Percy jr.,...

Plaintiff can go on and on with these wild fabricated stories, however, the fact is that even after all these lies seemed to fall flat on their face as being untruthful, even after the Social Worker Tonya Sloan admitted she lied, the, whether racially motivated, discriminated based on color, religion, sex or gender, Judge Campos, Judge Staven, Judge Huegenor conspired and discriminated against Plaintiffs and found Tonya Sloan credible and the accusations to be true.

The law says that every person who under color of any statue ordinance, regulation, custom, or by usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. Every person shall be liable in an action at law suit in equity, no exclusions for any County Employee, Social Worker, Dependency Legal Group by any act of Congress, United States Code, Title 42, Sec.1985.

If two or more persons.....conspire.. for the purpose of depriving any person...of the equal protection of the laws.... the party so injured or deprived may have an action for the recovery of damages. Recovery of damages against any one or more of the Conspirators, no exclusions for any of the County Defendants by any act of Congress. United States Code, Title 42 Section 1986.

21

Every person who, having knowledge that any of the wrongs are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.....shall be liable. Every person shall be liable for all damages, no exclusion for any of the Defendants by any act of Congress.

United States Code, Title 42, Section 1988

Defendants denied Plaintiffs their right to procedural due process, and Defendants did so while acting under Color of Law. Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo did in fact relitigate old issues, allegations, which is more than a reason why Plaintiffs have a right to a jury trial, a fair hearing and a fair trial, where the Plaintiffs will be treated fair and just, without any bias or prejudice? Judge Huegenor Judge Campos, Judge Staven, Judge Huegenor over turned all the past Judges rulings, finding the County Defendants to be credible and truthful on allegations that Plaintiff Percy had already been tried, (acquitted) of, determined, adjudicated, investigated, found not to be true by four judges, 3 police officers and district attorney officers, settled and ruled by Judicial procedure and law.

The Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo conspired together and continued to bring in other County Defendants who were willing to discriminate and conspire with them, harassing, threatening, and trying to intimidate Plaintiffs due to the fact that Plaintiffs filed a Federal Complaint against the County of San Diego in the Federal courts. The County Defendants acted in bad faith, depriving Plaintiffs of State and Federal rights.

The record is tainted and at this point cannot be trusted; however, a judgment can be reversed if the error resulted in a miscarriage of justice. Plaintiffs is asking for a jury trial to show that Plaintiffs Civil and Constitutional rights were violated and if there was a error, it was not a mistake, the County and Judge Defendants actions were deliberate, intentional and prejudice. The outcome would have been different had not Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo, etc... conspired and discriminated against Plaintiffs.

There was never any evidence of mutual physical violence, no evidence of domestic violence, the witnesses and Defendants came to court and committed perjury under oath intentionally, the defendants deliberately submitted fraudulent documents, made false statements and falsified reports, whereas, the <u>Legal Law,</u> the <u>State Law</u> and the <u>Federal Law</u> specifically states that <u>"State Judges, as well as Federal Judges, have the responsibility to respect and protect persons from violations of Federal Constitutional rights. (Gross v. State of Illinois, 312 F 2d 257; (1963)".</u>

The Defendants violated the State and Federal Laws; the County Defendants committed a crime, a crime that is punishable under the state law by a fine, imprisoned not more than five years, or both. The unlawful acts committed by the County Defendants affected the performance of the Judge Defendants official duties which requires that these Defendants be held accountable and is grounds for a cause of removal of an official by statue.

The Supreme Court of Appeals stated that any wrongful act which the actor has no legal right to do; any wrongful conduct which affects, interrupts or interferes with the performance of official duty, an act for which there is no authority or warrant of law; an act which a person ought not do; an act which is wholly wrongful and unlawful; an act which the party performing it has no legal right to do at all and that when an official, through ignorance, inattention, or malice, does that which they have no legal right to do whatsoever, or exceeds, ignores, or abuses their power, they are guilty of **Malfeasance** ---<u>(Daugherty v. Ellis, 142 W. Va. 340, 357-8, 97 S.E.2d 33, 42-3 (W. Va. 1956)</u>.

The County defendants conspired to injure the plaintiffs mentally and emotionally by removing Nevaeh from her relative's home, the defendants made threats and used intimidation tactics as a sign of their power and authority. The statue makes it unlawful for two or more persons to conspire to injure, oppress, threaten or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the U.S.A. <u>**(18, U.S.C., Sect 241).**</u>

There were no iron marks, belt marks, welts, bruises, scars, scratches, fire burns, or sexual molestation on Nevaeh, nor was she at risk by any of her relatives, however, everyone knows what happens if you drank bleach or pine-sol, although Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo, said that it was possible to drink bleach and pine-sol and then go back to bed without ever having to go to the hospital, which is totally impossible, no professional, no medical expert has ever testified that a human being, especially a child can drink poison without any medical assistance.

The County and Judge Defendants obstructed justice and violated rules and state laws, with holding evidence and obstruction of justice is a very serious crime. Plaintiff's due process rights were violated and Plaintiffs were treated unfairly.

How can a person get shot 5 times, stabbed 6 times, get burned by fire, yet there are no medical records, police reports, no gun are knife wounds or any fire burns. Plaintiffs at this point is not really concerned about the witness lying, Plaintiffs only need to prove that Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo discriminated and conspired against Plaintiffs and the Judge Defendants knew for a fact that the witness were deliberately committing perjury and falsifying documents, fabricating evidence and documents before and after trial and yet the Judge Defendants still allowed this injustice in their court room, only because Plaintiffs are African American.

The Judge Campos, Judge Staven, Judge Huegenor basically said even though the witnesses are lying, they are still credible; however, (CALJIC 2.21.2) expresses this:

"A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars."

Although the CALCRIM says this differently: "If you decide that a witness deliberately lied about something significant in this case, you should consider not believing anything the witness says; (CALCRIM 105, 226.)

At times Judge Campos and Judge Huegenor failed to recuse themselves, in certain conflict issues, Judge Campos and Judge Huegenor proceeded without the plaintiffs appointed counsels present despite the Plaintiffs statement that they wanted their own counsel and the Judge Defendant made comments that disparaged the Plaintiffs version of the case and fostered the appearance that the Judge Defendants was attempting to pressure the Plaintiffs into admitting guilt.

The Judge Campos, Judge Staven and Judge Huegenor engaged in activities away from the courthouse during working hours; the Judge Defendants also delayed for 6 months in ruling on issues; the Judge Defendants were communicating improperly with only one side to a proceeding, the Judge Defendants displayed sarcasm and derision in remarks towards Plaintiff in a civil harassment matter; the Judge Defendants used their judicial power to give County Defendants the advantage in the dependency proceeding, the Social Worker Tonya Sloan, the Reporter Sherry Erickson, fabricated documents and altered the record in a dependency proceeding.

Judge Bashant stated that Juvenile Dependency is the highest court, meaning they are the biggest and control the other courts, in other words Juvenile Dependency cannot be touched. Judge Bashant also kicked Plaintiff Percy out of the court room during a trial, because Plaintiff Percy had more questions than the County Defendants and more evidence, however, Judge Bashant never stipulated how much time each person had to question the witness, she never indicated to the County Defendants that they were on a time frame, but Judge Bashant always interrupted Plaintiff Percy during cross examine.

Judge Campos, Judge Staven and Judge Huegenor willfully and knowingly allowed Tonya Sloan, Shelley Paule, Jane Simone, Connie Cain, Brooke Guilds, Candice Cohen, Candi Mayes Judy Matthews and the reporter Sherry Erickson to file false documents, fabricating information that the Plaintiffs were present during court proceedings when the Plaintiffs were not present, under the authority and direct orders of Judge Huegenor, the Defendant Sherry Erickson altered records, transcripts and documents, purposely

misstated the dates, purposely left or took out of the record and transcripts, evidence or testimony that was heard or presented in a court proceeding or trial and sent them to the appellate courts in an effort to mislead the Appellate Courts. Plaintiffs have personal knowledge and can state with certainty that by going against the status quo or these Defendants to point out wrong doing and corruption of the County and the Judiciary, they will make it impossible to win this case or get Plaintiffs children back.

Until parental rights are terminated, both parents are entitled to notice and an opportunity to be heard at every stage of the proceeding in order to protect their fundamental interests in the companionship, care, custody and management of their children. (In re B.G. (1974)11 Cal.3d 679,688-689; In re DeJohn B. (2000 84 Cal.App.4[th] 100, 106.) "In juvenile dependency proceedings, due process requires parents be given notice that is reasonably calculated to advise them an action is pending and afford them an opportunity to defend." (In re Jasmine G. (2005) 127 Cal.App.4[th] 1109, 1114 (Jasmine G.) Additionally, the juvenile court had an affirmative duty to ensure the Agency complied with its duty of inquiry and notice. (Ibid; in re Desiree F. (2000) 83 Cal.App.4[th] 460, 469; Ex Parte conferences, and personal hearings or orders denying parental rights or personal liberties are unconstitutional, cannot be enforced, can be set aside in Federal court, and can be the basis of suits for money damages. (Rankin v. Howard, 633 F.2d 844 (1980);

Families enter the process eager to cooperate, but are soon horrified to find their statements distorted, taken out of context and used against them. The entire juvenile system is characterized by "confidential files, closed courts, gag orders and statutory immunity" and has isolated itself to a degree of a court in its own world with no rules or boundaries'. Any time you have secrecy, you have deceit and corruption.....the people who are behind closed doors can do any damn thing they want. For example, having trial counsel or Dependency Legal Group Attorneys appear on both parents behalf, meaning that if Plaintiff disagrees or objects to Plaintiffs ex-wife attorney representing Plaintiffs, those objections should be granted.

Basically Nevaeh was taken, detained and locked up in Polinsky and Plaintiffs had to suffer mentally, physically and emotionally, cruel and unusual punishment caused by Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo, Shelley Paule, Jane Simone, Connie Cain, Elizabeth Edwards, Brooke Guilds, Judy Matthews and Sherry Erickson, Connie Austin, Caitlin Rae, Sherry Erickson, John Phillips, John Sansone, Nick Macchione based on incorrect facts and fabricated information that the social worker Tonya Sloan wrongfully accused Plaintiffs of sexual rape.

The fact that Dale Akiki and James Wade were males shows a pattern of discrimination against males in these dependency cases, just being a male in a dependency proceeding defiantly makes you a target, whether you are Hispanic, White or Black, there is a false pattern of men always raping their daughter in the Dependency Courts. Dale Akiki was also a target because they said he looked funny to these people and the children were coerced by the parents to say horrible and evil things about Dale Akiki; James Wade was also a target because of the hours he spent at NAVCARE, he was married and his wife stood by his side and he claimed he was innocent, so the social worker felt like he was controlling and influencing his wife to lie for him, the social worker on that case refused to place Alicia Wade back with the parents until James Wade admitted he sexually abused and raped his daughter Alicia. Although Alicia was really raped and sexually molested by someone else, there had to be an investigation and the child had to be seen by a doctor who testified totally different from the Social workers.

The fact that Plaintiff Percy is a male is one thing, but the fact that he is African American makes him Juvenile Dependency most wanted, none of Plaintiffs children were raped or sexually molested, no signs of injuries, no doctor report, no police report, yet only a social worker report. These Defendants couldn't even show a scratch on any of plaintiffs kids or Plaintiffs child Nevaeh; however, Judge Campos, Judge Staven, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo, used these fabricated reports to seize Nevaeh.

The fact that Judge Campos have allowed the "N" word towards Plaintiffs and called Plaintiffs out of their names shows that this case was racially motivated. Christina Bobb who was Plaintiff Sierra attorney at some point and time, got into an argument with plaintiff Sierra telling Sierra to shut up Nigger, Christina Bobb did admit most of what she said, but claim she only said it out of anger. However, Judge Campos turned and looked the other way as of saying you are a nigger and Christina is still going to represent you, Judge Campos, Judge Staven, Judge Huegenor would insist that plaintiffs keep their attorneys even if the attorneys were disrespectful and incompetent.

The Judge Defendants retried Plaintiff for the same crime after the case had been resolved or Plaintiff was acquitted, violating plaintiffs **Fifth Amendment rights. No person shall be held to answer for a capital, or otherwise infamous crime,** unless on **a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.** Double jeopardy is a law/rule that forbids a person from being tried again on the same or similar charges following a legitimate acquittal or conviction.

Defendants removed the child without a trial or court hearing, prior to the removal, the child Nevaeh was never placed in the agency custody violating Plaintiffs Fifth, Fourteenth, and Fourth Amendment which guards against unreasonable search and seizure, The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, nor be deprived of life, liberty, or property, without due process of law; supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Defendants inflicted cruel and unusual punishment violating Plaintiffs **Eight Amendment rights,** according to the Supreme Court, the Eighth Amendment forbids

some punishments entirely, and forbids some other punishments that are excessive when compared to the crime, or compared to the competence of the perpetrator.

In *Louisiana ex rel. Francis v. Resweberr*, 329 U.S. 459 (1947), the Supreme Court assumed *arguendo* that the Cruel and Unusual Punishments Clause applied to the states through the Due Process Clause of the Fourteenth Amendment. In *Robinson v. California*, 370 U.S. 660 (1962), the Court ruled that it did apply to the states through the Fourteenth Amendment.

In *Furman v. Georgia*, 408 U.S. 238 (1972), Justice Brennan wrote, "There are, then, four principles by which we may determine whether a particular punishment is 'cruel and unusual'."

- The "essential predicate" is "that a punishment must not by its severity be degrading to human dignity," especially torture.
- "A severe punishment that is obviously inflicted in wholly arbitrary fashion."
- "A severe punishment that is clearly and totally rejected throughout society."
- "A severe punishment that is patently unnecessary."


The Defendants also violated Plaintiffs **Sixth Amendment** rights to be confronted with the witness, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district where in the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.  Plaintiffs were accused of rape, torture, stalking, kidnapping, murder, child molestation but have never confronted a witness on these allegations.

The defendants also violated Plaintiffs **First Amendment** right to freedom of speech and religion, the Judge Defendants threatened to lock up Plaintiffs for contempt of court if Plaintiffs talked to the media or any family members about what was going on in the Juvenile Court hearings, if Plaintiffs were not allowed to talk to relatives or family members, then it would be very difficult to place the kids with a family member.

The Judge defendants also placed a restraining order on Plaintiff Percy because of his religious beliefs. The **(First Amendment)** clearly states Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances. These defendants are Judicial Officers who have a duty, responsibility, and obligation to be fair, unbiased and impartial and up hold the law, these defendants swore an Oath to be fair and protect people.

There have been many attempts by these Corrupt Defendants and the County to sabotage Plaintiffs case and destroy evidence by breaking into Plaintiffs mailbox, house and car, getting other judges to sign off on fabricated warrants to gain access to Plaintiffs home and threatening to shoot and kill Plaintiffs, failing to protect Plaintiffs children, allowing them to be raped by adults.

## JUDGES SHALL PERFORM THE DUTIES OF JUDICIAL OFFICE IMPARTIALLY AND DILIGENTLY

Judge Campos, Judge Huegenor and Judge Staven conduct violated the Code of Judicial Ethics, canons 1, 2, 2A, 2B(2), 3A, 3B(2) (3) (4) (5) (6), 3B(7C), 3D (1) (2), 3B(8), 3B(9), 3C(1) (2) (5), D(1) (2), E(1) (2)

1 (a judge shall uphold the integrity of the judiciary)

2 (a judge shall avoid impropriety and the appearance of impropriety)

2A (a judge shall respect and comply with the law and shall act at all

times in a manner that promotes public confidence in the integrity and impartiality of the

judiciary)

2B (2) (improper use of the prestige of judicial office)

3 A (a judge's duties shall take precedence over all other activities).

3 B (2) A judge shall be faithful to the law* regardless of partisan interests, public clamor, or fear of criticism, and shall maintain professional competence in the law.*

(3) A judge shall require* order and decorum in proceedings before the judge.

(4) A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity, and shall require* similar conduct of lawyers and of all court staff and personnel* under the judge's direction and control.

(5) A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, engage in speech, gestures, or other conduct that would reasonably be perceived as (1) bias or prejudice, including but not limited to bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status, or (2) sexual harassment.

(6) A judge shall require* lawyers in proceedings before the judge to refrain from manifesting, by words or conduct, bias or prejudice based upon

31

race, sex, religion, national origin, disability, age, sexual orientation, or social economic status against parties, witnesses, counsel, or others. This Canon does not preclude legitimate advocacy when race, sex, religion, national origin, disability, age, sexual orientation, socioeconomic status or other similar factors are issues in the proceeding.

(7) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, full right to be heard according to law.* A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding, except as follows:

(c) A judge may, with the consent of the parties, confer separately with the parties and their lawyers in an effort to mediate or settle matters pending before the judge.

(d) A judge may initiate ex parte communications, where circumstances require, for scheduling, administrative purposes, or emergencies that do not deal with substantive matters provided:
(i) The judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and
(ii) The judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.

(8) A judge shall dispose of all judicial matters fairly, promptly, and efficiently. A judge shall manage the courtroom in a manner that provides all litigants the opportunity to have their matters fairly adjudicated in accordance with the law.

**(9) A judge shall not make any public comment about a pending or impending proceeding in any court, and shall not make any nonpublic comment that might substantially interfere with a fair trial or hearing. The judge shall require\* similar abstention on the part of court personnel\* subject to the judge's direction and control. This Canon does not prohibit judges from making statements in the course of their official duties or from explaining for public information the procedures of the court, and does not apply to proceedings in which the judge is a litigant in a personal capacity. Other than cases in which the judge has personally participated, this Canon does not prohibit judges from discussing in legal education programs and materials, cases and issues pending in appellate courts. This educational exemption does not apply to cases over which the judge has presided or to comments or discussions that might interfere with a fair hearing of the case.**

3C   (1) A judge shall diligently discharge the judge's administrative responsibilities impartially, on the basis of merit, without bias or prejudice, free of conflict of interest, and in a manner that promotes public confidence in the integrity of the judiciary. A judge shall maintain professional competence in judicial administration, and shall cooperate with other judges and court officials in the administration of court business.

(2) A judge shall require\* staff and court personnel\* under the judge's direction and control to observe appropriate standards of conduct and to refrain from manifesting bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status in the performance of their official duties.

**D.**

**(1) Whenever a judge has reliable information that another judge has violated any provision of the Code of Judicial Ethics, the judge shall take or initiate appropriate corrective action, which may include reporting the violation to the appropriate authority.\***

**(2) Whenever a judge has personal knowledge that a lawyer has violated any provision of the Rules of Professional Conduct, the judge shall take appropriate corrective action. Information in writing to both the presiding judge of the court in which the subordinate judicial officer sits and the Commission on Judicial Performance**

E.   (1) A judge shall disqualify himself or herself in any proceeding in which disqualification is required by law.

(2)  In all trial court proceedings, a judge shall disclose on the record information that is reasonably relevant to the question of disqualification under Code of Civil Procedure section 170.1, even if the judge believes there is no actual basis for disqualification.

Nick Macchione, John Phillips, John Sansone failed to adequately train their employees regarding the constitutional, civil and due process rights of parents; Nick Macchione, John E. Phillips and John J. Sansone whom is the Agency Director, Chief Deputy and County Counsel deliberately and intentionally  allowed Tonya Sloan, Candice Cohen, Candi Mayes, Shelley Paule, Jane Simone, Brooke Guilds, Connie Cain, Evangelina Woo, Sherry Erickson to maliciously and intentionally file and plant false documents to mislead the courts in a effort to detain plaintiff children, when there was no basis to do so; allowed the defendants to file false documents to get the advantage and upper hand over Plaintiffs kids, discriminating and using excessive force, submitting fraudulently altered or antedated documents in a investigation, slander, defamation of character, libel, bribery, using threats, intimidation and coercive sexual conduct, suppression of exculpatory evidence, double jeopardy, using trickery and fabricated evidence; welfare fraud, removing children without a finding of imminent danger or serious physical harm; falsifying reports before, after and during an official proceeding, making false statements to a government court when under oath, obstruction of justice, intentionally  interfering with a trial or investigation, its called official corruption, abuse of power and authority, a conspiracy, racketeering, greed, scandal, kidnapping, perjury and the prolonged and continuing separation of the Anderson family, was without prior

judicial authorization, and without any basis to believe that Nevaeh was sexually raped, molested, abused, neglected or in imminent threat, harm, immediate or apparent danger.

Each and all these Defendants had knowledge of this conspiracy and corruption, Tonya Sloan who submitted the reports and documents testified that she in fact did not write the report, she only signed it as well as the other documents. Meaning that each of the County Employee Defendants created these false documents and reports, gave these documents to their supervisor or superiors to read and go over, and then they all at some point and time signed these reports. There are many signatures on these reports and documents. Shelley Paule, Nick Macchione, John Phillips, John J. Sansone, Jane Simone.

The County Defendants made knowingly inaccurate or false statements, which resulted in the wrongful removal of Nevaeh, the Defendants acted with malice in committing perjury, fabricating evidence, failing to disclose exculpatory evidence and obtaining evidence by duress. The County Defendants acted irresponsible in the performance of their duties. <u>In Austin v. Borel, {9} the court ruled that child protection workers were not entitled to absolute immunity when they filed an "allegedly false verified complaint seeking the removal of two children" from the family home.</u> The Social Worker defendant never did an investigation and she was not testifying as a witness, nor did she obtain her information from another person or source.

Plaintiff's third complaint involves Jill Linberg, Kathy O'Connell and Carol Snyder, all whom work for the San Diego District Attorneys Office in the Child Abduction Unit under Bonnie M. Dumanis. Plaintiffs allege that these three defendants also violated Plaintiffs Constitutional rights pertaining to the fourth, fifth, and fourteenth amendment. By falsely and illegally detaining Plaintiffs, illegal search and seizure, false arrest / imprisonment, assault, battery, extortion, denying Plaintiffs rights to a lawyer and the right to be silent, violating Plaintiffs Miranda rights.

Plaintiff's fourth complaint involves Judy Matthews who violated Plaintiffs civil and constitutional rights by committing malpractice, submitting a false document, perjury, conspiracy.

This action is brought, inter alia, to redress Defendants' arbitrary and intentional, malicious abuse of government power. Plaintiff, Percy and Sierra Anderson, on their own behalf, therefore, brings this action for deprivation of constitutional rights under color of law, 42 U.S.C. § 1983, and supplemental state and federal law claims.

1. Percy Anderson Sr. is a natural person and the biological father of Nevaeh Anderson, Samari Anderson

2. Sierra Anderson is a natural person and the biological mother of Nevaeh Anderson, Samari Anderson

Plaintiffs Sierra and Percy .Anderson S., alleges as follows:

## PARTIES

**0)**   At all times relevant to this Complaint, Plaintiff PERCY L. ANDERSON SR.      .
("PERCY Sr.") was a resident of California residing at 7976 Alton Dr., Lemon    .
Grove, Ca

**1)**   At all times relevant to this Complaint, Plaintiff SIERRA ANDERSON
("SIERRA")   was a resident of California residing at 7976 Alton Dr., Lemon Grove, Ca

**2)**   At all times applicable herein, SAN DIEGO COUNTY HEALTH AND HUMAN
SERVICES AGENCY (SDCHHSA) was and is a subdivision or entity of the
COUNTY OF SAN DIEGO.

**3)**      At all times applicable herein, Defendant NICK MACCHIONE
("MACCIONE") is an individual, and at all times relevant to this complaint, was

an officer, agent, and employee of the COUNTY OF SAN DIEGO located at
1700 Pacific Highway, Room 207 Mail Station P-501 San Diego, CA 92101

4)    At all times applicable herein, Defendant JOHN J. SANSONE
      ("SANSONE") is an individual, and at all times relevant to this complaint, was an
      officer, agent, and employee of the COUNTY OF SAN DIEGO located at 4955
      Mercury st., San Diego, CA 92111

5)    At all times applicable herein, Defendant JOHN E. PHILLIPS
      ("PHILLIPS") is an individual, and at all times relevant to this complaint, was an
      officer, agent, and employee of the SD COUNTY located at   4955 Mercury st.,
      San Diego, Ca 92111

6)    At all times applicable herein, Defendant CANDICE COHEN
      ("COHEN") is an individual, and at all times relevant to this complaint, was an
      officer, agent, and employee of the SD COUNTY located at 4955 Mercury st,
      San Diego, Ca 92111

7)    At all times applicable herein, Defendant CAITLIN RAE
      ("RAE") is an individual, and at all times relevant to this complaint, was an
      officer, agent, and employee of SD COUNTY located at 4955 Mercury st,
      San Diego, Ca 92111

8)    At all times applicable herein, Defendant DEBORAH ZANDERS
      ("ZANDERS") is an individual, and at all times relevant to this complaint, was an
      officer, agent, and employee of SD COUNTY located at 6950 Levant st.,
      San Diego, Ca 92111

9)    At all times applicable herein, Defendant CONNIE SEKERAK AUSTIN
      ("AUSTIN") is an individual, and at all times relevant to this complaint, was an
      officer, agent, and employee of SD COUNTY located at 6950 Levant st.,

San Diego, Ca 92111

10)   At all times applicable herein, Defendant SHELLEY PAULE
("PAULE") is an individual, and at all times relevant to this complaint,  was an
officer, agent, and employee of SDCHHSA  located at 151 Van   Houten Ave,
El Cajon, Ca 92020.

11)   At all times applicable herein, Defendant TONYA SLOAN
("SLOAN") is an individual, and at all times relevant to this complaint, was an
officer, agent, and employee of SDCHHSA  located at 151 Van  Houten Ave,
El Cajon, Ca 92020.

12)   At all times applicable herein, Defendant CONNIE CAIN
("CAIN")  is an individual, and at all times relevant to this complaint, was an
officer, agent, and employee of SDCHHSA located at 151 Van Houten Ave,
El Cajon, Ca 92020.

13)   At all times applicable herein, Defendant JANE SIMONE
("SIMONE") is an individual, and at all times relevant to this complaint, was an
officer, agent, and employee of SDCHHSA located at 151 Van Houten Ave,
El Cajon, Ca 92020.

14)   At all times applicable herein, Defendant ELIZABETH EDWARDS
("EDWARDS") is an individual, and at all times relevant to this complaint, was an
officer, agent, and employee of SDCHHSA located at 198 W. Main st. #102
El Cajon, Ca 92020?

15)   At all times applicable herein, Defendant BROOKE GUILD
("GUILD") is an individual, and at all times relevant to this complaint, was an
officer, agent, and employee of SDCHHSA located at 198 W. Main st. #102
El Cajon, Ca 92020?

16)     At all times applicable herein, Defendant CANDI MAYES
("MAYES") is an individual, and at all times relevant to this complaint, was an
officer, agent, and employee of SD COUNTY located at 1600 Hotel Circle North,
.    Suite 701, San Diego, Ca 92108

17)     At all times applicable herein, Defendant EVANGELINA WOO
("WOO") is an individual, and at all times relevant to this complaint, was an
officer, agent, and employee of SD COUNTY located at 1600 Hotel Circle North,
.    Suite 701, San Diego, Ca 92108?

18)     At all times applicable herein, Defendant SHERRY ERICKSON
("ERICKSON") is an individual and at all times relevant to this complaint, was an
officer, agent, and employee of the County of San Diego Superior Court located at 1555
Sixth Avenue San Diego, CA 92101

19)     At all times applicable herein, Defendant JUDY MATTHEWS
(MATTHEWS) is an individual and at all times relevant to this complaint, was an
officer, agent, and employee of SD COUNTY located at 1252
Broadway, suite D, El Cajon, Ca 92021

20)   Hereinafter, when referred to collectively, the defendants identified in paragraphs 4
through 8 above, will be referred to as "County Employee Defendants."  (C.E.D)

21)   Hereinafter, when referred to collectively, the defendants identified in paragraph 9
through 16 above, will be referred to as "Social Worker Defendants." (SWD)

22)   Hereinafter, when referred to collectively, the defendants identified in paragraph

17 through 19 above, will be referred to as "Dependency Legal Group" (DLG) & "M.D" Defendants.

23)  At all times applicable herein, the San Diego County District Attorney Office ("SDCDA.") was and is a subdivision or public entity of the County of San Diego.

24)  At all times applicable herein, Defendant BONNIE DUMANIS ("DUMANIS") is an individual and at all times relevant to this complaint, was an officer, agent, and employee of the San Diego County, District Attorney Office located at 330 W. Broadway, San Diego, and Ca 92101

25)  At all times applicable herein, Defendant JILL LINBERG ("LINBERG") is an individual and at all times relevant to this complaint, was an officer, agent, and employee of the San Diego County, District Attorney Office located at 330 W. Broadway, San Diego, and Ca 92101

26)  At all times applicable herein, Defendant KATHY O'CONNEL ("O'CONNELL") is an individual and at all times relevant to this complaint, was an officer, agent, and employee of the San Diego County, District Attorney Office located at 330 W. Broadway, San Diego, Ca 92101

27)  At all times applicable herein, Defendant CAROL SNYDER ("SNYDER") is an individual and at all times relevant to this complaint, was an officer, agent, and employee of the San Diego County, District Attorney Office located at 330 W. Broadway, San Diego, Ca 92101

28)  Hereinafter, when referred to collectively, the defendants identified in paragraph 24 through 27 above, will be referred to as "District Attorney" Defendants." (D.A)

29)  At all times applicable herein, the Wallenius Law Group ("WLG.") was and is a subdivision or public entity of the County of San Diego.

**30)**  At all times applicable herein, Defendant RENA WALLENIUS
("WALLENIUS") is an individual, and at all times relevant to this complaint, was an
officer, agent, and employee of SD COUNTY located at 215 South Coast Highway,
. Suite 205, Oceanside, Ca 92054

**31)**  At all times applicable herein, Defendant TRACEY S. SANG
("SANG") is an individual, and at all times relevant to this complaint, was an
officer, agent, and employee of SD COUNTY located at 215 South Coast Highway,
Suite 205, Oceanside, Ca 92054

**32)**  Hereinafter, when referred to collectively, the defendants identified in paragraph 29
through 31 above, will be referred to as "Private Attorney" Defendants." (P.A.D)

**33)**  At all times applicable herein, Defendant JUDGE SUSAN D. HUEGENOR
("HUEGENOR") is an individual and at all times  relevant to this complaint,  was an
officer, agent, and employee of the County of San Diego Superior Court located at 1555
Sixth Avenue San Diego, CA 92101

**34)**  At all times applicable herein, Defendant JUDGE YVONNE E. CAMPOS
("CAMPOS") is an individual and at all times relevant to this complaint, was an
officer, agent, and employee of the County of San Diego Superior Court located at 220
W. Broadway 2nd floor, San Diego, CA 92101?

**35)**  At all times applicable herein, Defendant JUDGE MARTIN STAVEN
("STAVEN") is an individual and at all times relevant to this complaint, was an
officer, agent, and employee of the County of San Diego Superior Court located at 2851
Meadowlark Dr., San Diego, CA 92123?

**36)**  At all times applicable herein, Defendant JUDGE CYNTHIA BASHANT
("BASHANT") is an individual and at all times relevant to this complaint, was an

officer, agent, and employee of the County of San Diego Superior Court located at 2851 Meadowlark Dr., San Diego, CA 92123?

**37)** Hereinafter, when referred to collectively, the defendants identified in paragraph 28 through 31 above, will be referred to as "Honorable Judge Defendants." (HJD)

**38)** Plaintiff is ignorant of the true names of each of the 23 Defendant County Workers, sued herein as NAMED UNKNOWN COUNTY WORKERS A through J. Plaintiffs will amend this Complaint to show the true names and capacities of said NAMED UNKNOWN COUNTY WORKERS when they are ascertained.

**39)** Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue them by such fictitious names. Plaintiffs will amend this Complaint to show the true names and capacities of said DOE Defendants when they are ascertained.

**40)** Plaintiff is informed and believes, and thereon alleges, that each of the Defendants is responsible in some manner for the events and happenings referred to herein, and was the legal cause of injury and damages to Plaintiff as herein alleged.

**41)** Plaintiff is informed and believe, and thereon allege, that at all times herein mentioned, each and every Defendant was the agent, employee, and/or state actor of their co-defendants, and each of them, acting at all relevant times herein under color of the authority of a governmental entity and under the statutes, ordinances, regulations, customs, and usage of the State of California and/or the United States Constitution and related laws.

## JURISDICTION & VENUE

**42)** This action arises under the Constitution and laws of the United States and under the Constitution and the laws of the Commonwealth of California. This court has subject matter jurisdiction pursuant to 436 U.S.C. § 658, 28 U.S.C. § 1331 and supplemental

jurisdiction over plaintiff's federal and state claims pursuant to 28 U.S.C. § 1367, 42 U.S.C. § 1983, 42 U.S.C. § 14141, 42 U.S.C. § 2000h-1, 18 U.S.C. § 242, 18 U.S.C. § 241, and 18 U.S.C. § 1001.

This action arose from actions and occurrences, which took place in San Diego, California, Lemon Grove, Ca, and the County of San Diego. Venue in this court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

**43)**   Before the unlawful seizure of the six children, plaintiffs wife Sierra Anderson was pregnant with her second child Nevaeh, however, because of the prior case and stress from the other children being detained, Plaintiffs agreed with other family members that it would be in the best interest for the newborn baby Nevaeh to stay with family members in another state.  Although Nevaeh was born in San Diego Ca,  she has never went to school here, and the fact that family members had legal guardianship of her in another state, reflects the fact that another court in another state had jurisdiction over Nevaeh. Nevaeh lived apart from her parents since her birth of August of 2008 in the state of Virginia, although she was abducted, seized and detained on Feb 4, 09, by members of the child abduction unit, Jill Linberg, Kathy O'Connell and Carol Snyder, who were unaware that Nevaeh has never lived in the state of California and there was never any petition filed on Nevaeh, until March 19, 2009.

**44)**   The law requires that the policy and procedures of a detention hearing is stated as follows, a court intervention Social Worker is immediately notified and a 48-hour business day clock begins to tick. This Social Worker has 48 hrs or two business days to determine whether or not to file a dependency petition. Dependency means the court will take temporary custody of the child. If the Social Worker decides to file for dependency within the 48-hour business day clock, he or she will **go to a screening deputy from County Council** and present the case. **The screening deputy is responsible** for deciding whether the case includes legal protective issues. If the deputy determines protective

issues are involved, he or she will write the Departments petition to the Juvenile Court seeking dependency. County Counsel is the attorney for D.S.S. **(If a petition has not been filed within 48 business-day hours the child must be returned home.)**

**45)**  The Defendants waited over a month to file a petition on Nevaeh, Plaintiffs have never been legally served with any petition. Plaintiffs have never waived or contested any detention hearing. The dependency petition that was filed was based on fraudulent and fabricated information involving sexual rape and sexual assault, torture, child abuse, etc.....

**46)**  When plaintiffs returned back to court back in Sept 8, 08 plaintiffs noticed that the Tonya Sloan, Candy Mayes, Candice Cohen, other parties not part of the case (names unknown at this time) all in a group laughing, staring at Plaintiff Sierra commenting and gossiping about the fact that Plaintiff Sierra was no longer pregnant. Plaintiffs over heard Tonya Sloan asking the other defendants of the whereabouts of the baby. Tonya Sloan then stated that she knew a foster lady that said she wanted a little newborn African American girl.  The defendants then proceeded in Judge Campos Court room holding private meetings as they always does, not allowing the parents to take part in their secret meetings or discussions or their so called plotting.
When Plaintiffs entered the courtroom, the defendants just laughed with a cold stare as though they had all just conspired together, and Plaintiffs could feel the hate and racial tension in the court room.

**47)**  Judge Campos never mentioned anything about the pregnancy or the whereabouts of any newborn child, nor did she ever ask Plaintiff Sierra was she feeling okay from the stress and just delivering a baby. Judge Campos never questioned or asked anything about the baby whereabouts, nor did she ask if Plaintiff had a boy or girl, she didn't even leave a text message, yet the evidence will show that Judge Campos knew Plaintiff Sierra was no longer pregnant; however, Plaintiffs left the court room that day and went home. This contradicts the Social Worker Defendants reports that a child may be at risk of sexual or child abuse, Judge Campos never ordered the Plaintiffs to turn over Nevaeh, nor did she feel that there was any threat or a emergency to detain this child, which also

explains why the Social Worker Defendants never informed the hospital or put a hold to detain Plaintiffs child.

**48)** On or about Sept 9, "08" Judge Campos holds a secret meeting/ ex-parte hearing without the Plaintiffs or Plaintiffs Attorneys being present or given any type of notice of this hearing and decides to have a discussion with the Social Worker Tonya Sloan, Candi Mayes, Candice Cohen about the pregnancy as far as Plaintiffs daughter Nevaeh, however, during this meeting, neither the Social Worker Sloan, Mayes, Cohen, nor Judge Campos knew exactly what this child name was, her date of birth or whether or not she was even born here in California. Judge Campos questioned the Defendants about the living arrangements of this new born baby during this court hearing; however, Judge Campos never made any orders that day and concluded for the day.

**49)** Not only was the child staying with a relative, but she was also living with her two oldest sisters which is 17 and 21, Plaintiffs knew that Judge Campos, Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, Evangelina Woo, Connie Austin were racially discriminating, conspiring, corrupt, bias, prejudice against Plaintiffs as well as other African American parents and children?
**50)** On or about Sept 10, 08 Plaintiffs were at a court hearing for a pre-trial status conference, to confirm the witness list. Judge Campos informed Plaintiffs that we would be having a trial in Judge Huegenor court room Dept 1; the trial was for Plaintiffs other children that were taken 4/4/08. Plaintiffs and their attorneys were instructed that they did not need to return back to court until Sept 24 and 29 of "08".

**51)** On or between Sept 12, 08 and Sept 20, 08, Judge Campos held a court hearing concerning visitation with Plaintiffs other children. While at that hearing Judge Campos did question Plaintiffs about the newborn baby. Plaintiffs explained to Judge Campos that the baby lives with a relative in Newport News, Va. Judge Campos said ok and that concluded that hearing. Judge Campos never said the baby was at risk or danger, nor did

she order a pick up and detain order. Judge Campos never expressed any type of concerns or gave any type of orders to turn a child over to H.H.S.A.

**52)**      On or about Sept 23, "08" the Social Worker defendants then filed a fictitious petition in Juvenile Court claiming that a black lil child belonged to Plaintiffs and that the child was living in the home with the Plaintiffs and that the child was at risk of sexual and physical abuse. The record shows that Judge Huegenor, Tonya Sloan, Candi Mayes, Candice Cohen, without any notice, held an ex-parte detention hearing on this other child on or between 9/23/08. During that time frame, Plaintiffs were being represented by Attorneys Jill Klein and Judith Mcilwee on the other children from the prior cases.

**53)**      Attorneys Klein and Mcilwee were unaware of the detention hearing on 9/23/08, and were not present, nor did they inform Plaintiffs to be present, nor did Plaintiffs consent to any attorneys to represent them, nor was any notice sent to plaintiffs address of this secret hearing, whereas, this ex-parte detention hearing that was being held on this particular child did not belong to the Plaintiffs, whereas, the evidence will show that Plaintiffs had not even given their child a name during the time this petition was filed on this other child. However, at some point and time in September of "08", Social Worker Defendant Tonya Sloan called someone (unknown name) seeking the name of Plaintiffs child that was out of state, the Defendant Tonya Sloan then called Plaintiffs sister Jamaica Reid whom lives in Florida and Plaintiffs attorney (name unknown at this time).

**54)**      The information that Tonya Sloan gathered was incorrect and she became more angry and determined to find the name and whereabouts of Plaintiffs other kids, although they were not part of the system or the prior case. The Judge Defendants then ordered Tonya Sloan to set up visitation with Plaintiff Sierra other child Samari and place him with a relative, Plaintiff Sierra called the Social Worker Defendant (unknown name at this time) and left a message on Social Worker Defendants telephone, Social Worker Defendant called back and left a message on Plaintiffs answering machine stating " she was not going to be able to make any visits and she was not going to place the kids with a relative", Plaintiff Sierra heard the Social Worker Defendant talking on the answering machine and picked up the phone. Plaintiff

Sierra and Tonya Sloan continued to carry on a conversation unaware of the answering machine recording their conversation.

**55)** At some point and time during a conversation with the Social Worker Sloan it was plain and clear that because Plaintiffs were Black, Plaintiffs were targets, the Social Worker Defendant was taking matters in her own hand, and she was very bias and prejudice. During the conversation between Plaintiff and the Tonya Sloan, the Defendant stated that there was no way in hell that she would place the kids with a relative on either of Plaintiffs side of the family. Tonya Sloan then stated that the foster parent Pamela Thomas, whom was the foster parent for Plaintiffs son Samari, was also interested in Plaintiffs newborn daughter. Social Worker Sloan then stated "that they would do every thing in their power to seize and detain every child of Plaintiffs, and that Plaintiffs would never see their children again, including the newborns.

**56)** Plaintiff Percy responded by calling the Social Worker Tonya Sloan supervisor Shelley Paule and reported Tonya Sloan actions as racial, bias, and prejudice and that (The Devil is a Liar) and the Lord will show her true identity. Social Worker Defendants Tonya Sloan and Shelley Paule then alleged that Plaintiff Percy threatened the Social Worker Defendants with bodily harm and was stalking the Social Worker Defendants because of Plaintiffs religion and beliefs, Social Worker Defendants then alleged and reported that they had an eyewitness who over heard Plaintiff Percy threatening to do harm to Social Worker Defendant Tonya Sloan and threatening to blow up the Federal building.

**57** On or about Sept 24, 08, Plaintiffs were to begin trial on the other siblings that were being detained, Plaintiffs were to attend a contested adjudication and disposition hearing, however, Plaintiffs attorney Jill Klein and Judith Mcilwee informed Plaintiffs that they were informed by Tonya Sloan and Judge Huegenor that the hearing on 9/24/08 was going to be continued and therefore Plaintiffs need not come to court until 9/29/08.

**58)**   Plaintiffs attorneys Klein and Mcilwee went to court on 9/24/08 on the assumption that the trial/contested adjudication and disposition hearing  was going to be continued, however, Judge Huegenor begin holding another detention hearing without the Plaintiffs being present, Plaintiffs attorneys Klein and Mcilwee argued that they were unaware of any such hearing being held and asked for a continuance, based on the fact that they asked Plaintiffs not to come to court, because they were informed that there would not be a hearing, whereas, the Defendants were unaware that Plaintiffs attorney Jill Klein had visited Plaintiffs in their home prior to the 9/23/08 and 9/24/08 hearings, and saw that there was no child living in the home.

**59)**  Plaintiffs then gets a call from Plaintiffs attorney to show up at a exparte hearing on Sept 28, 08, when Plaintiffs got to Juvenile Court, Plaintiffs were informed that our attorneys were not going to be at court that date, so Plaintiffs went to the clerks office and got a signed, stamped letter showing that Plaintiffs did attend court that day, but were told that there would not be a hearing that day. Plaintiffs then returned home; whereas, the minute orders reflect that the Defendants did in fact hold a hearing.

**60)**   Plaintiffs did not return to court until 9/29/08, unaware that the Judge Huegenor, Tonya Sloan and Candice Cohen and Candi Mayes held three unknown detention hearing on a child, whom the Defendants claimed to be Plaintiffs child with a different name and a different date of birth and a different social security number. The Plaintiffs were not even aware of a pick –up-and detain warrant on Nevaeh when they returned to court on 9/29/08; Plaintiffs attorneys never mentioned anything about these secret ex-parte hearings and Judge Huegenor and Social Worker Sloan never mentioned Nevaeh name or questioned Plaintiffs about their child on 9/29/08.

**61)** Nevaeh was living with other family members and the Plaintiffs were being kept in the dark, while the Defendants were conspiring, scheming and targeting Plaintiffs child Nevaeh. The Social Worker Defendants even applied for government money while

Nevaeh was living with other relatives, forging Plaintiff Sierra name on the application making it seem as though the child Nevaeh was living in the home with the parents and that the Plaintiffs had applied for welfare. The defendants even went as far as collecting over four to six thousand dollars in Plaintiff Sierra name for a child that was not Plaintiff, causing Plaintiff Sierra to owe back payments for over and between four thousand dollars. The Social Worker Defendants were able to convince other agencies and the Judge Defendants that the Plaintiffs did in fact have Nevaeh living in their home and the child was being abused, neglected or sexually molested, and the child did not have any Indian ancestry.

62)  Whereas, the District attorney defendants even stated that they staked out the Plaintiffs residence and never saw Plaintiffs with a child, and the fact that Plaintiff Percy does in fact have Indian ancestry on his side of the family. The Social Worker Defendant Tonya Sloan even testified that she never alerted or put out a hold at any hospital in San Diego, Ca to detain Plaintiff Sierra child Nevaeh, which is inconsistent with the report that she submitted to the Judge Huegenor and Judge Campos claiming that the Hospitals did not notify the agency about the birth of Nevaeh.

63)  However, as of today,  Plaintiffs have documented over 40 secret ex-parte hearing without the Plaintiffs even being notified or present at these hearings, giving the Social Worker, Dependency Legal Group and County Employee Defendants the upper hand and the advantage at these hearings. Plaintiffs were also informed and given certain documents from an unknown source of the Juvenile Court and the County Agency that Plaintiffs were in fact a target because of the color of their skin and that Plaintiff Percy was the main target, these documents are not only evidence, but shows damaging information to any argument or denial of racism or conspiracy that the Defendants may try to dispute.

64)  Plaintiffs were not aware of any proceedings or hearings being held on Nevaeh, nor were Plaintiffs ever told verbally or informed to come to any hearings pertaining to the unborn child Nevaeh. Plaintiff Sierra had a normal pregnancy like any other woman and felt that it was

her legal right and choice to send Nevaeh with a family member and there was no law, petition, or any court order stating any thing differently. The Juvenile Court Judge Campos didn't really show any concerns or care on whether Plaintiff Sierra had delivered another baby, there was never any point and time that Judge Campos, Judge Huegenor or any Judge from any court in San Diego, Ca, that verbally informed Plaintiffs, or gave written notice by mail, indicating or ordering Plaintiffs to surrender Nevaeh Anderson before or after her birth. Plaintiffs had every right to place their child with a family member out of State, or in the State of California.

65)   On or about Sept 29, 08 Plaintiffs returned back to court only to find out that Judge Campos held a secret hearing without Plaintiffs present or given any notice of the motion to terminate guardianship of Plaintiff Sierra Anderson sister Jamaica Reid on Sept 24, 08 and Sept 28, 08, signed by Defendants Tonya Sloan, Candice H. Cohen, John J. Sansone and John E. Phillips. The proof of service was signed and mailed by Blair Hoodenpyle, who is not named as a defendant, but is a party of interest, based on the fact that she signed her name under penalty of perjury that she not only notified plaintiffs of this hearing, but notified plaintiffs mother Shelia Wilson in Richmond Ca, however, Plaintiffs Sierra mother whom passed away this year has never lived in Richmond Ca,....

66)   The fact is that Plaintiff Percy Sr. and Plaintiff wife Sierra signed over temporary legal custody to a family member and had the legal document notarized in the year of 2008 and placed the child with a family member temporarily until all this court drama was over with.

67)   On or between October of 2008, while Plaintiffs daughter Nevaeh was living with a family member, Social Worker Defendants fraudantly and intentionally forged Plaintiff Sierra name and baby Nevaeh name and social security numbers to receive child welfare funds under plaintiff Sierra and Nevaeh name, even though Nevaeh was not in the county custody and the fact that the Social Worker Defendants did not know Nevaeh social security number. Social Worker Defendants made up a fake social security number, filled out the application claiming that Nevaeh Anderson lived in the home with the Plaintiffs and committed welfare fraud, causing Plaintiff Sierra to owe the county

back thousands of dollars that she never received, Social Worker Defendants then cut, copied, pasted and submitted false welfare documents with Plaintiff Sierra name on it to a unknown welfare worker.

**68)** The reason for the detention hearing on 4/9/08 (referring to the 6 minors above) was because of Defendants Tonya Sloan under the supervision and direction of Shelly Paule and Jane Simone cut, copied, pasted and signed fraudulent documents in an effort to keep the kids detained and bound the case over for trial. The petition that the Social Worker Defendants and County Employee Defendants signed and submitted alleged that the Plaintiff Mr. Anderson was sexually molesting his children and showing the children pornography and during a previous investigation on August 7, 08, 17 yr old Jamaica Reid reported being raped, attacked and sexually abused by her Uncle Percy Anderson committing incest, Defendant Tonya Sloan then claimed that she personally, verbally, face to face, mouth to mouth spoke  with Jamaica Reid whom verbally, personally told her that Plaintiff Percy Anderson has been having sex with Jamaica Reid and her sister/ Plaintiff Sierra Anderson at the same time and Jamaica Reid was pregnant by Plaintiff Percy.

**69)** Social Worker Defendant Tonya Sloan then went on to say that Jamaica Reid told her that Plaintiff Percy Anderson did viciously attack and force Jamaica Reid to give him "blow jobs" by holding a shotgun to her head and body. The "blow jobs" advanced to sexual intercourse, forcing Jamaica Reid to copulate Plaintiff Percy on numerous occasions. Defendant Tonya Sloan stated that Plaintiff Percy and Sierra were committing incest, because they are blood related, they are second cousins. Defendant Tonya Sloan then alleged that on or about July or August of "07", Jamaica Reid reported that Plaintiff Percy had sexually assaulted Jamaica Reid on a different occasion.

**70)** The same detention petitions from 4/9/08 was signed and submitted by the Social Worker Defendants and the County Employee Defendants a year later (3/19/09) to advance and obtain Nevaeh, even after the Judge Defendants heard testimony that the information obtained from Social Worker Defendant Tonya Sloan and other witness was

not credible, yet fabricated and they saw no physical evidence that none of these allegations ever existed, also the fact that Jamaica Reid testified that she has never spoken or told the Social Worker Defendant Tonya Sloan that she was ever raped or had any sexual contact with Plaintiff Percy, which contradicts Social Worker Defendant Tonya Sloan definition of recanting, there was no need to withdraw from any statement that has never been made or ever existed.

71) Plaintiff had already went to trial on these allegations in San Diego County stemming as far as 1 year and 8 to 12 yrs ago in front of another Judge and they were found to be unsubstantiated, inconclusive, not true. Whereas, the original caller and author of the sexual rape and abuse allegations in "01" and August "07" was found guilty and sentenced for perjury and giving false statements to a police officer and was warned by a State Judge that if any more crank sexual calls or allegations were made against Plaintiff Percy, then there would be severe consequences. **(see ED50771 Family Court)**

72) Plaintiffs have in their possession other court case numbers of these other trials and will disclose those dates and case numbers at a different time. The allegations that were being alleged and presented in this Juvenile Court Case are old allegations that had already been adjudicated, heard and tried in another court, by a different Judge in San Diego, County. Although Judge Huegenor had stricken all sexual allegations from the record, the Judge Defendants, Social Worker Defendants, County Employee Defendants and the Dependency Legal Group Defendants still created, filed and allowed the same fabricated petition to obtain Nevaeh Anderson, which was also used to detain Plaintiffs other children. The fact is that all the County Defendants including the Judge Defendants have never stricken any sexual rape or abuse from the record, other wise the case would have been dismissed and the children would have came home, including Nevaeh.

73) Because of the extreme willful misconduct, discrimination, bias and evil intentions that were being perpetrated by most of these Defendants, Plaintiffs knew from the beginning that the case against Plaintiffs was racially motivated, based on recordings, physical evidence, documents and a number of witness from the public and the County,

whom had alerted Plaintiffs of the Defendants intentions. The Defendants were deliberately and intentionally trying to cause the Plaintiffs harm because the Plaintiffs were African American, and because the Plaintiff was an African American male. Based on the seriousness of this case and due to the seriousness of the allegations that were being alleged against Plaintiffs, Plaintiffs were not in a comfortable position to discuss or disclose certain evidence or witness in their favor.

**74)** The Judge Defendants, Social Worker Defendants, County Employee Defendants and the Dependency Legal Group Defendants made it entirely impossible to present evidence or call witness, not only were the Judge Defendants, Social Worker Defendants, County Employee Defendants and the Dependency Legal Group Defendants discriminating against the Plaintiffs, but the more they plotted and schemed against the Plaintiffs, the less evidence Plaintiffs presented. Plaintiffs didn't have too much of a choice but to allow the Defendants to treat Plaintiffs any type of way, we were not in any position to do any thing differently, the Defendants were suppose to be entrusted to protect those that can't protect themselves. The choices that these Defendants made were not part of the Juvenile Courts prodical, and the Defendants were aware of the consequences that involves their lives and jobs, the Defendants really didn't care about the families and children they were affecting, this is just how cold and hideous these Defendants are.

**75)** The Judge Defendants, Social Worker Defendants, County Employee Defendants were not aware that the Plaintiffs also went before another Judge in San Diego, County whom determined that Nevaeh Anderson was not living in the home with the Plaintiffs, and that she was in fact living in another state, based on pictures, birth certificate and medical records. Based on the past threats on Plaintiffs life and the past attempts to break into Plaintiffs home, Plaintiffs have taken steps to ensure the safety of Plaintiffs surroundings and family and have removed any evidence or documents from Plaintiffs home and placed them in different locations. Social Worker Defendants and the County Employee Defendants have conspired to break into Plaintiffs home and mailbox

in the past, the Defendants whom were involved in this crime, know exactly what I'm talking about and whom I'm talking about.

**76)**   However, the fact remains that Plaintiffs have never gone to a detention hearing or has never been served a detention petition on Nevaeh Anderson. Even after the Social Worker Defendant admitted to lying under oath, submitting fraudulent documents, admitting to copying, cut and pasting Plaintiffs old 8 yr records to this Juvenile case under Jamaica Reid name, whereas, the Social Worker Defendants never did an investigation on this case which would have been the correct way of following procedures and prodical. The Judge Defendants still conspired and gave favoritism to their county friends/associates who they have known and seen for years in their courtroom, the Judge Defendants never said the Social Worker Defendant was in contempt of court, the Judge Defendants never charged the Social Worker Defendant with perjury and submitting false documents to mislead a Judge, which is a Felony in the State of California, whereas, the Social Worker Defendants action was not done in good faith.

**77)**   In fact the Judge Defendants covered for the Social Worker Defendants and the County Employee Defendants, which only means that the Judge Defendants were never mislead, the Judge Defendants knew about the Social Workers Defendants scandalous conduct and not only allowed it, but participated as well, the Judge Defendants allowed the witnesses to sit through the entire court hearings, the trial and all proceedings and then testified against Plaintiffs, Judge Defendants also denied and did not allow Plaintiffs witness to appear at the court proceedings, even after Plaintiffs had certain witnesses subpoenaed, Judge Defendants refused to issue warrants for witnesses that refused to come to court after they were summoned and subpoenaed, Plaintiff submitted physical up to date doctor reports showing that there was not any abuse on Plaintiffs kids, physically or sexually. Yet the Judge Defendants refused to allow this evidence to come in and refused to accept it under the objections of the County employee defendants.

**78)**   The County Defendants abused their power and believe that they are above the law, however, they are truly held to the same law, the Defendants action were extremely

outrageous, intentional and  was done in bad faith and that is a fact that can be proven and shall be proven.

**79)**  On or between 1/12/09  Plaintiffs family members called from Virginia and stated she had called the Social Worker Defendants and left a message, but never got a return answer.

**80)**  On or about and between 1/09 after the baby Nevaeh had her physical exams, Plaintiffs decided to place the child with a relative here in San Diego, Ca where she would be close to her parents? Judge Campos made an order indicating that she wanted to physically see Nevaeh and check on her status and medical condition and that was all. Attorney Candi Mayes at that time was asking for a pick up and detain order, but Judge Campos denied it and ordered that the Social Worker Defendants get in touch with the Virginia DSS.

**81)**  On or about 2/4/09, Plaintiff Percy dropped Plaintiff Sierra off at to visit her son Samari, Plaintiff Percy continued on driving to the library and was pulled over by the El Cajon, Police and detectives dressed in regular clothes with badges. Plaintiff got out of the car and asked if he had ran a red light, the El Cajon Police officer said "no", but there are some people who want to talk to you, Plaintiff was then told that he was being stopped for kidnapping his own daughter Nevaeh, Plaintiff then laughed and said that my daughter is fine and she is staying with a relative.

**82)**  The detectives then stated that there were some concerns from the social worker Tonya Sloan that the child was at risk of being sexually molested and abused and if Plaintiff Percy would come and talk to them at the welfare office, Plaintiff then asked if he had a choice and the D.A. Defendant said "no". Plaintiffs was then handcuffed and placed in the back of a car and driven to the Health and Human Service Agency.

**83)**  Once Plaintiff was in the building the handcuffs were taken off and then Plaintiff Percy was asked questioned by the D.A. Defendants, all from the child abduction unit. Plaintiff Percy then asked the officers of the whereabouts of Plaintiff Sierra and the D.A.

Defendants informed Plaintiff that his wife was being held, detained and questioned in another room. Plaintiff Percy was then told that Plaintiffs were only being detained and not under arrest, so Plaintiff asked if he could then leave and was told "no". Plaintiff then asked for a lawyer and was still told "no".

84) Plaintiff Sierra was then placed in the same room with Plaintiff Percy where we were both handcuffed and was then questioned and interrogated by officers of the Child Abduction Unit. Plaintiff Percy and Wife Sierra then verbally told Jill Lindberg, Kathy O' Connell, and Carol Snyder that Plaintiffs wish to remain silent and would like to speak to our lawyers, Plaintiffs were then told by Carol Snyder basically that we did not have that right to be silent, we were not entitled to a lawyer and we were not under arrest, we were only being detained.

85) Once the questioned continued and the defendants from the child Abduction Unit started threatening Plaintiffs with being arrested and going to jail for kidnapping our child, Plaintiff Percy asked again could he speak to his attorney before saying anything or getting questioned, Jill Lindberg, and Carol Snyder said "no" "you are not getting a lawyer and this is not Law and Order" CSI Crime Unit, they only do that on T.V.... D.A. Defendants then seized and started searching Plaintiffs property, phones, taking out property from plaintiff's purse.

86) Plaintiffs Percy and Sierra were then told that they were under arrest for kidnapping a baby, the handcuffs were then tightened around Plaintiffs wrist and we were being escorted out the door to a police car, Plaintiff Percy then asked about Plaintiffs Miranda rights if we are under arrest, but they refused to read them to us. Plaintiff Percy then convinced Plaintiff Sierra that she has a job and since we were going to let them see the baby anyway, it really isn't worth fighting them from jail, because this battle is not ours, it's the Lords!

87) A right to remain silent and a right to a lawyer are the first of the Miranda rights warnings,  the Plaintiffs explicitly told the D.A. Defendants that Plaintiffs wanted to be silent and speak to our lawyers during the interrogations. Plaintiffs have a right to be

silent to invoke Miranda Protection during any criminal interrogation. Although Plaintiffs told the D.A. Defendants they wanted a lawyer and to remain silent, that did not stop the interrogation, whereas, the questioning of Plaintiffs should have been cut off immediately.

88) 1. Plaintiffs have a right to remain silent. 2. Plaintiffs have a right to talk to an attorney before answering any questions. 3. Plaintiffs have a right to have an attorney present during the questioning. 4. If Plaintiffs could not afford an attorney, then one should have been appointed for Plaintiffs without cost, before and during questioning. 5. Plaintiffs did not read, nor was anything read to Plaintiffs advising Plaintiffs of their Constitutional rights. 6. Plaintiffs do understand their Constitutional rights and decided to exercise those rights during that time. 7. Plaintiffs statements were not made freely, nor were they voluntarily and they were made with threats that were actually carried out.

89) The D.A. Defendants questioned Plaintiffs for almost an hour before actually placing Plaintiffs under full arrest. The D.A. Defendants never presented a warrant or a pick –up-and-detain- order to Plaintiffs, nor did the D.A. Defendants present a warrant to search Plaintiffs body or property, including car and purse, nor did the D.A. Defendants present a warrant to seize any of Plaintiffs property.

90) Plaintiffs never gave consent to search Plaintiffs body or property. Plaintiffs never committed a crime by sending Nevaeh to a relative's home. Plaintiff's rights should have been protected, but instead they were violated. The Miranda warning is required during a "custodial interrogation", which means that the person being questioned is in custody or in an environment in which the person does not believe he is free to leave.

91) Plaintiffs were not required to say anything to the police, D.A. Defendants or any investigators until Plaintiffs attorney was present. Plaintiffs were not given the opportunity to contact their attorney. Plaintiffs were held against their will, Plaintiffs were not free to leave, and there was no legal reason to detain, arrest, or hold Plaintiffs without probable cause.

92)   Officers or D.A. Defendants have to end interrogations when the Plaintiffs requested a lawyer or choose to remain silent. These are the rights of the Plaintiffs under the Fifth and Sixth Amendments to the U.S. Constitution. Warrants are required for searches if the Plaintiffs were not being arrested in the beginning of being detained, there was no warrant to search Plaintiffs car, and the Plaintiffs were not arrested in a vehicle.

93)   You cannot seize people's children without probable cause or exigent circumstances. The Social Worker Defendants and the Dependency Legal Group Defendants never showed any physical evidence to the Judge Defendants that Nevaeh was living in the home, or was even residing in the State of California. Plaintiffs were threatened and forced to bring Nevaeh back to San Diego, Ca. after family members whom Nevaeh resided with, were also threatened and felt unsafe, because of their own children.

94)   Although Nevaeh begin living with a relative here in San Diego, she was not living in the home with the parents, the Judge Defendants and the Social Worker Defendants claimed they only wanted to check Nevaeh health and make sure Nevaeh was safe and she would be returned to her family members, Plaintiffs knew that was not true based on the discrimitory conduct of the defendants and the fact that the Social Worker Defendant Tonya Sloan stated to the Plaintiffs that a foster parent has been looking for a newborn African American baby girl.

95)   Plaintiffs just stared at the Social Worker Defendant, but never made any comments. If Plaintiffs would have responded to the Social Worker Defendant comments, there would have been reports stating that the Plaintiffs are violent, anger management, lose their temper and possibly threatened her. Which is why Plaintiffs always smiled and said "Yes Sir" and "Yes Maim."

96)   Not that Plaintiffs were not brought up that way; however, Plaintiffs had to over look these defendants conduct and had to tolerate being discriminated against, because they are holding Plaintiffs children.

**97)** The D.A. Defendants stated that plaintiffs were under arrest for child abduction and kidnapping our own child. Plaintiffs never kidnapped a child from anyone and Plaintiffs never abducted a child from anyone, if Nevaeh was abducted or kidnapped because she lived in a different state with other family members, then Plaintiff Percy other children who were not part of this Juvenile Dependency case is also kidnapped and abducted. Nevaeh was not part of the Juvenile Dependency case and she lived in a different state, before any Social Worker Defendant or Judge Defendant even knew Plaintiff had other children.

**98)** This is a free country and Plaintiffs had every right to place their child Nevaeh with a relative, the D.A. Defendants, Social Worker Defendants have never seen Nevaeh in the home with the Plaintiffs, although the Social Worker Defendant submitted documents to the courts indicating that she in fact did see Nevaeh in the home and that she was at risk of sexual abuse or child abuse. The Social Worker Defendant intentionally lied on the warrant affidavit claiming they had probable cause to detain Nevaeh. Instead of conducting a proper investigation which would have lead to no probable cause.

**99)** The Defendants used physical force against plaintiffs which was totally unnecessary, Plaintiffs were not Mirandized after or before being arrested, there was totally a lack of cause for that warrantless arrest. Plaintiffs were not just detained, there was no casual questioning, only threats.

**101)** This wasn't just a Terry stop, it started out as an investigative detention, although the D.A. Defendants placed the Plaintiffs in handcuffs during most of the interrogation, the D.A. Defendants stated that although you are being detained, you are under arrest and you could be charged with a crime. Therefore, Plaintiffs invoked their Miranda rights, before the questioning and arrest, before and after Plaintiffs were led out to the police car. The question here is do the Miranda Warning also apply to the D.A. Defendants whom I assume are also officers.

**102)** Plaintiffs then called a relative to bring Nevaeh to the location that Plaintiffs were being held. The Social Worker Defendants and the D.A. Defendants removed Nevaeh from her relative home, the D.A. Defendants then told plaintiffs that the Social Worker Defendants only wanted to check on Nevaeh well being and that they would return her back with her relative, however, like all the other siblings involved in this case, the Defendants decided and refused to not allow the children to be placed with a relative, nor any African Americans friends or family that were connected with the Anderson family.

**103)** On or about 3/09, Plaintiffs check the case files and learn that on 9/24/08, the Judge Defendants held a Detention hearing on Nevaeh without the parents being present or being notified of the hearing, Plaintiffs were never allowed to attend this hearing or the opportunity to be heard. Although Judge Huegenor filed or allowed her court reporter to file the 9/24/08 minute order to reflect that Plaintiffs were actually there at that hearing, which Plaintiffs were not? Plaintiffs continued to read the files and found that the Judge Defendants did in fact proceed with another hearing on Sept 28, 08.

**104)** Plaintiffs have learned and documented more than 30 unnecessary, unknown secret/private exparte hearings by the Judge Defendants, the Social Worker Defendants and the County Employment Defendant, giving favor and the advantage to the Defendants, so that they can all conspire together. No detention hearing has ever been heard in Nevaeh case, the parents have never attended a detention hearing in Nevaeh case.

**105)** Nevaeh was detained on 2/4/09 and there was never any petition filed on her until 3/19/09, and the Social Worker Defendants never served plaintiffs with a petition. Plaintiff Sierra was then informed by (name unknown), County Employee that if she wanted her children back, then she would need to commit a crime in order to get her children back, Plaintiff Sierra was then informed that if she lied and committed perjury in the court, then she would not get in trouble, because County Defendants (names unknown) already knew that she would be committing perjury, however, that would be the only way that she would get her children back..

**106)** Social Worker Defendants submitted and signed documents under the penalty of perjury alleging that Plaintiff Percy was a three striker and a convicted murderer and had been in prison more than two times. Social Worker Defendants Supervisors and County Employee Defendants should be held accountable and take responsibility for the harm and damages and pain and suffering caused by the Social worker employees. The Social Worker Defendants did not do a full complete investigation about certain allegations and knew that the past allegations were not true, however, before the social worker files a report or petition to be submitted to the Judge Defendants, it is submitted, reviewed and signed by Social Worker Defendants Supervisors and County Employee Defendants. Social Worker Defendant testified at trial that she did not do an investigation and that it was not necessary for her to do an investigation pertaining to this case, because she had evidence to show that Plaintiffs committed the crimes that the Social Worker Defendants alleged.

**107)** On or about 5/2009 Social Worker Defendants, without consent, authorization or permission from the Plaintiffs, took the child Nevaeh to a doctor for a check up and a physical, causing the child to receive an extra amount of medication, due to the fact that Nevaeh had already received her immunization shots prior to her removal. Whereas, the Defendants have never held a court hearing or discussed any type of medical condition, medical treatment, medical surgeries, or circumcisions, nor has the defendants discussed the medicines that are being administered to Plaintiffs children.

**108)** However, not only does the California Law require that Plaintiffs/Parents be notified and give consent or authorization to any type of treatment of their children, but the Manuel/Policy and Procedure of the Welfare Institution Codes states that the Defendants shall notify the Parents and get their permission or consent before they give a child a hair cut, circumcise a child, take a child to surgery, give any type of medical treatment or administer any type of medicines to a parent child, if the parents refuse to any type of medical treatment or surgery, then the Social Worker Defendants do have that option of conducting this matter before a judge and holding a hearing on the matter. If it

was a life threatening or a emergency situation, then I'm pretty sure that who ever is the custodian parent or has custody of that child at that moment would react to saving the child's life without any one consent or permission, however, the parents would still need to be notified and be allowed to maintain and exercise their parental rights as to what type of medicines or medical treatment they want administered to their child.

**109)** Whereas, legally Plaintiffs parental rights have not, nor has plaintiff parental rights ever been terminated to any of Plaintiffs children, nor does Plaintiffs plan on losing any of their children, the fact is that Plaintiffs Parental and Constitutional rights have been violated, Plaintiffs were stripped of their Parental and Constitutional rights from day one. The Defendants not only racially discriminated against Plaintiffs, the Defendants abused their power with extreme outrageous conduct, the Defendants violated the rules of the court, the Defendants violated the policy and procedures that they are suppose to follow by law.

**110)** The difference between Judges and social workers is that the social workers are hired, not chosen, social workers only submits reports and asks for recommendations, social workers make a living by fabricating information, falsifying evidence, and testifying falsely to remove and detain children, <u>social workers have become legal terriost living in America.</u>

**111)** Whereas, a Judge makes the orders and decisions in a case. Judges are sometimes considered as leaders and sometimes have to make difficult decisions, like Pastors, Reverends and Preachers, the Bible **<u>(Deuteronomy 1: 16-18)</u>** clearly states that **<u>"Judges are not chosen, they are called." "Hear the cases between your brethren, and judge righteously between a man. Judges shall not show partiality in judgment, and they shall judge the people with just judgement. Judges shall not pervert justice, nor take bribes; the Lord loves justice and hates discrimination. Justice is the quality of dealing with people fairly, Judges are expected to reflect Gods just nature, by not dealing with the accused on the basis of Discrimination, false witness, or hearsay.</u>**

112) <u>**(Deuteronomy 32: 5) They have corrupted themselves; they are not his children, because of their blemish and perverse and crooked generatio**</u>n.


113.) There are many facts in this complaint; however, the most important facts are that.

114. A. The Plaintiffs are <u>HUMAN BEINGS (man and woman )</u>

<u>115.</u>     Does the contempt or conflict of interest law apply to every Court in California except Juvenile Court?

116.     Is double jeopardy allowed in the Dependency courts

117) B. The Plaintiffs are not terriost or aliens from another planet; we are <u>UNITED STATES CITIZENS.</u>

118) C.  The Plaintiffs have rights that are protected under <u>GODS LAWS,</u> <u>STATE LAW</u> and the <u>U.S. Bill of Rights and the Constitution.</u>

119) D.  The Plaintiffs allege that all these acts and (especially the injuries) took place right here in San Diego, California in the United States of America.

120) E.  The Plaintiffs accuse all the Defendants (employees) as "officers under the Constitution for breach of their Judiciary duties and their Fiduciary obligations to not only the Plaintiffs, but to the people. Whereas, Plaintiffs are entitled to and demand a default judgment in the amount of **Twenty Five Million Dollars and Eleven Cents.**

121) F.   The Plaintiffs also accuse the Defendants as ("employees") who also have Judiciary duties and Fiduciary obligations to the people based on their <u>Oaths of Office.</u>

**122) G.**  The Plaintiffs accuse the Social Worker Defendants with fraud for masquerading as if they were "officers" of the State, and therefore only a pretense of authority, when they knew or should've known that they had no authority to fabricate documents.

**123) H.**  The Plaintiffs also accuse the Defendants/Employer with breach of Fiduciary obligations to the Plaintiffs under the Constitution.

**124) I.**  Plaintiffs accuse the Employers/Defendants for breach of fiduciary obligations under the EMPLOYER CHARTER!  The POLICY and PROCEDURES!  Plaintiffs demand that the Employer produce the corporate charter!  The Defendants have a fiduciary obligation to the people.  If the Defendants actions are fraudulent and criminal, they are subject to criminal prosecution, (RICO).

**125) J.**  Plaintiffs also allege that the County Employee Defendants representing the Social Worker Defendants "have the law" with them when they appear at court. The law is the Corporate charter.  Either the agency is not "independent" and cannot take matters or the law in their hands and the defendants do have fiduciary obligations under the Constitution, or the agency and/or attorneys are engaged in fraudulent misrepresentation.

**126) K.**  Plaintiffs claim is not just about facts, equity, "legal" or "perfect" title at law, but about the LAW/COMMON LAW itself, Constitutional rights, Civil rights and Due Process rights. Plaintiffs do have legal rights in the State of California!

**127) L.**  The Plaintiffs have a right to equal protection and have a right to fair hearings, which was entirely violated in this case. Our rights, natural or God given, are protected by the Constitution itself. The constitution creates a federal government to do the few things States alone can not do. It also places several restrictions on that government; see article I, section 9.  It has a preamble that states that very clearly. That is how our rights are protected.  In the US our individual rights are protected by law under the U.S. Bill of

Rights and the Constitution. Plaintiffs can and will prove every fact in this claim/complaint.

**128) M.**  Plaintiffs are seeking "SUBSTANTIAL JUSTICE".

**129) N.**  <u>Plaintiffs have a right to be free from bodily harm, right to enjoy a good reputation,  right to conduct business without wrongful interference, right to have property free from interference.</u>

**130) O.**  Plaintiffs allege that all the Defendants above violated the <u>LAWS OF "TORTS".</u>  Assault, Battery, Trespass, Nuisance, Deceit, Conversation, False imprisonment, Defamation, Invasion of privacy, Misuse of legal procedure, Infliction of emotional distress, Pain and Suffering

**131) P.**  Defendants action were deliberate and intentional, Plaintiffs were injured by Defendants wrongful actions, Defendants is the proximate cause of the injury and the injury caused damages.

**132) Q.**  Plaintiffs are aware of the fact that all of the Defendants have a right to apply and request for Prosecutor, Qualified, Absolute and Judicial Immunity, however, only <u>GOD has the ULTIMATE IMMUNITY.</u>

**133) R.** Plaintiffs allege that the Judge Defendants violated Plaintiffs Constitutional rights, discriminated against Plaintiffs by being treated differently than other people in similar situations by reason of race, religion, national origin, gender, sexual preference or political opinion. Plaintiffs lost their rights without a meaningful hearing or even an opportunity to be heard. Plaintiff Percy was threatened intimidated and had a restraining order placed on him, in an effort to keep Plaintiff from exercising an opinion, or practicing my faith. The Defendants Judges acted ultra-vires beyond his or her legal jurisdiction.

**134) S.**  Plaintiffs have a right to obtain witness in his favor and be confronted with the witness, which is Plaintiffs 6th Amendment right.

**135) T.**  Plaintiffs are entitled to <u>EQUITABLE RELIEF</u>  which includes **1.** <u>Declaratory Relief,</u>  **2.** <u>Injunctive Relief</u> 3. <u>Compensatory and Punitive Damages</u>

**136) U.**  Plaintiff believes and alleges that he was subjected to <u>DOUBLE JEAPORDY,</u> In U.S. law; double jeopardy is prohibited by the 5th Amendment to the Constitution of the United States, which states that no person shall "be subject for the same offense to be twice put in jeopardy of life and limb." The clause bars second prosecutions after acquittal or conviction and prohibits multiple convictions for the same offense. Plaintiff was held to answer to the same allegations/accusations that had already been heard, tried, and prosecuted

**137) V.**  Plaintiffs also suffered intangible injuries of emotional harm such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Other losses includes injuries to character and reputation, injury to credit standing, loss of health, and any other Nonpecuniary losses that are incurred as a  result of the discriminatory conduct. The severity of the emotional harm itself caused sleeplessness, anxiety, stress, depression, marital strain, humiliation, severe emotional distress, loss of self esteem, excessive fatigue, or nervous breakdown. Physical emotional harm caused gastrointestinal disorders, hair loss, headaches, backaches and chest pains. Plaintiffs were subjected to overt racism and public humiliation.

 **138) W.**  The "Plaintiff's own testimony may be solely sufficient to establish humiliation or mental distress." (Williams v. TransWorld Airlines, Inc., 660 F.2d 1267, 1273, 27 EPD Par. 32,174 (8th Cir. 1981). (citing Muldrew v. Anheuser-Busch, Inc., 728 F.2d 989, 33 EPD Par. 34, 187 (8th Cir. 1984). In Block v. R.H. Macy & Co., Inc., 712 F.2d 1241, 1245, 32 EPD Par. 33, 730 (8th Cir. 1983). The County Defendants openly manifested racial bias against Plaintiffs by making racially offensive references to the Plaintiffs. The County Defendants and the Social Worker Defendants berated the

Plaintiffs in front of their coworkers and other County Employees, although the County Defendants have never addressed or treated white people in this type of manner. The Judge Defendants were all aware of the Social Worker Defendants racial bias, and only allowed her version of the incidents.

139) X.   Plaintiffs are not looking for revenge, but only to punish the Defendants and to deter future discriminatory conduct, whereas, the County Defendants acted with malice, an evil motive, and reckless indifference to the federally and state protected rights of the Plaintiffs. "Smith v. Wade, 461 U.S. 30, 56 (1983); citing Garza v. city of Omaha, 814 F.2d 553, 556, 43 EPD Par. 37, 072 (8th Cir. 1987). Damages under § 1983 may be awarded where the defendants exhibits oppression, malice, gross negligence, willful or wanton misconduct, or reckless disregard for the civil rights of the Plaintiffs"). The County Defendants consciously, purposely discriminated against Plaintiffs. "Can it really be disputed that intentionally discriminating against a [Black] man & woman on the basis of their skin color is worthy of some outrage? (Rowlett v. Anheuser-Busch, 832 F.2d 194, 206, 44 EPD Par. 37,428 (1st Cir. 1987). Citing (In Brown v. Freedman Baking Company, 810 F.2d 6, 42 EPD Par. 36,779 (1st Cir. 1987).

140)   Just the nature of the Judge Defendants and the Social Worker Defendants conduct should be in question. The Plaintiffs met Social Worker Defendant Tonya Sloan for the first time in their lives 4/4/08 at 9am, the Plaintiffs met up with Tonya Sloan two blocks away from the Juvenile Court House at a 7-11 convenient store on 4/4/08 at 1:30pm. Plaintiffs have never seen this woman ever again after 4/4/08 outside of Juvenile Court, nor have Plaintiffs ever met with Tonya Sloan in the public or seen Tonya Sloan in the public. Plaintiffs did meet with the Social Worker Defendants in a T.D.M., but that was later on. So how is it possible that the Judge Defendants can grant the Social Worker Defendant a restraining order based on the social worker testimony without having a trial, only hearing one version of the story?

141)   How do you stalk someone on the first day you meet them, never see them again in public, nor talk to them, but 5-6 months later the Social Worker Defendant is claiming that Plaintiff Percy threatened her with harm and stalked her on 4/4/08? Without a trial

and no hesitation the Judge Defendants immediately start placing restraining orders on Plaintiff Percy, although the Judge Defendants didn't place a restraining order on Plaintiff Sierra who was also in the car with a witness that the County Defendants asked to bring to court so she could be questioned, however, it was the Social Worker Defendant who asked Plaintiff Percy to pull over in the parking lot.

**142)** The conduct of these defendants is shocking, disturbing and it offends the Judicial System. The nature, extent, and severity of the harm to the Plaintiffs should be considered, the Plaintiffs Civil and Constitutional rights were violated, State laws were violated, Miranda rights were violated and most importantly are the duration of the discrimitory conduct that the Plaintiffs had to endure is very relevant. The extended period of discrimitory conduct "suggests an official policy of discrimination as opposed to the work of a renegade and rouge Social Worker.

**143)** Evidence that the respondent tolerated or condoned the discrimitory conduct over a period of time could constitute malice and reckless indifference. (Williamson v. Handy Button Machine Company, 817 F.2d at 1296). The existence and frequency of similar past discriminatory conduct by the defendants should also be considered, based on the continuing pattern of harassment by the defendants. Evidence that the defendants planned or attempted to conceal or cover-up the discrimitory practices or conduct is also relevant.

**144)** Evidence of threats or deliberate retaliatory action against Plaintiffs for filing this complaint will also constitute malice. Hunter v. Allis-Chalmers, 797 F.2d 1417, 1425, 41 EPD Par. 36, 417 (7th Cir. 1986)

**145)** Plaintiff believes there was a hearing before the child Nevaeh Anderson was removed, and Plaintiffs were not present at this hearing, nor was Plaintiffs ever provided with any type of notice of this hearing, whereas, the Judge Defendants allowed the Social Worker Tonya Sloan to use a fake name, fake birthday and a fake social security number to obtain a pick-up-and-detain order on Nevaeh. The Judge Defendants and the Social Worker defendants conspired and mislead the District Attorney Defendants into believing

this child was living in the home with Plaintiffs and that she was at risk of sexual and child abuse, whereas, the medical records and documents will show and prove that Nevaeh was in fact living with a relative in Newport, News Virginia. Defendants were also receiving funds for Nevaeh Anderson 6 months before she was even in their custody. Defendants were also receiving federal funds for Plaintiff, even though Defendants have never offered Plaintiff a reunification plan.

**146)** The Ninth Cir. stated that Children may not be removed from their home by police officers or social workers without notice and a hearing unless the officials have a reasonable belief that the children are in imminent danger. **Ram v. Rubin (9th Cir.1997)**

### FIRST CAUSE OF ACTION FOR ASSAULT
#### By Plaintiff PERCY and SIERRA ANDERSON
#### Redacted Against the County of San Diego,
#### SDCDA, SDCHHSA, Social Worker Defendants,
#### District Attorney Defendants and DOES 1 through 100

_ Plaintiff reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1__ through 58___ .

_ All Defendants and each of them, with the encouragement, knowledge, advice, counsel and/or at the request, direction, authorization and/or agreement of the other Defendants, by their conduct caused and/or intended to cause Plaintiff great apprehension and fear of harmful contact to Plaintiff persons. The imminent harmful contact included, but was not limited to, physical movement, Defendants' threats, detention, detainment, harm resulting in fear, as stated herein.

_ As a direct and proximate result of Defendants' tortuous and unlawful conduct,

Plaintiff has suffered extreme emotional and physical distress, including anguish and fear to an extent and in an amount to be proven at trial.

_ Defendant COUNTY, through its SDCHHSA and SDCDA entity, is vicariously responsible for the conduct of the DISTRICT ATTORNEY and SOCIAL WORKER DEFENDANTS and DOES 1 through 100, inclusive, under Government Code § 815.2 and applicable other statutory and case law.

_ SOCIAL WORKER DEFENDANTS, DISTRICT ATTORNEY DEFENDANTS and DOES 1 through 55 acted with malice and with the intent to cause injury to Plaintiffs Sierra and Percy or acted with willful and conscious disregard of the rights of Plaintiff in a despicable manner, and therefore, Plaintiffs is entitled to an award of punitive damages for the purpose of punishing said Defendants to deter them and others from such conduct in the future.

<u>**SECOND CAUSE OF ACTION FOR BATTERY**</u>

**By Plaintiff PERCY and SIERRA ANDERSON**

**Redacted Against the County of San Diego,**

**SDCDA, SDCHHSA, Social Worker Defendants,**

**District Attorney Defendants**

**and DOES 1 through 100**

_ Plaintiff reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

_ Defendants, and each of them, with the encouragement, knowledge, advice, counsel and/or at the request, direction, authorization and/or agreement of the other Defendants, acted with the intent to make, and did make, or caused or allowed others to make, harmful and unconsented contact with Plaintiffs body as the child was unlawfully removed and detained by Defendants.

_ at no time did Plaintiff constructively or otherwise consent to such contact(s), nor was legal consent obtained by law, by court order, or warrant.

_ As the direct and proximate result of these Defendants' actions, Plaintiff was physically, mentally and emotionally violated and/or injured, all to an extent and in an amount subject to proof at trial.

_ Defendant COUNTY and its entities SDCHHSA and SDCDA OFFICE are vicariously responsible for the conduct of the D.A. and SW DEFENDANTS, and DOES 1 through 100, Inclusive, under Government Code Section 815.2 and applicable other statutory and case law.

_ SOCIAL WORKER and DISTRICT ATTORNEY DEFENDANTS and DOES 1 through 100 acted with malice and with the intent to cause injury to Plaintiffs PERCY Sr. and SIERRA.., or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable manner. Therefore, Plaintiffs is entitled to an award of punitive damages for the purpose of punishing said Defendants and to deter them and others from such conduct in the future.

## THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT
### By Plaintiffs SIERRA and PERCY
### Redacted Against the County of San Diego,
### SDCDA, SDCHHSA, Social Worker Defendants,
### District Attorney Defendants
### and DOES 1 through 100

_ Plaintiff reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

_ Defendants, and each of them, with the encouragement, knowledge, advice, counsel and/or at the request, direction, authorization and/or agreement of the other Defendants, wrongfully removed and arrested Plaintiffs while detaining Nevaeh Anderson.

_ Defendants, and each of them, intentionally deprived Plaintiffs PERCY SR. and SIERRA of their freedom of movement by the use of physical barriers, unlawful,

unprivileged touching, menace, fraud, deceit, and unreasonable duress, without evidence of any imminent danger of serious physical injury, without just or reasonable cause, and therefore deprived Plaintiff of his personal and civil liberties. The unlawful removal and detentions commenced on Feb 4, 2009 and continues until this date October 4, 2010.

  _ At no time did Plaintiff constructively or otherwise consent to such deprivation, touching and detainment, nor was legal consent obtained by law, by court order, or from Plaintiffs Sierra or Percy.

  _ Defendant COUNTY and its entities SDCDA, SDCHHSA are vicariously responsible for the conduct of the SOCIAL WORKER and DISTRICT ATTORNEY DEFENDANTS, and DOES 1 through 100, Inclusive, under Government Code Section 815.2 and applicable other statutory and case law.

  _ As the direct and proximate result of these Defendants' actions, Plaintiff was physically, mentally and emotionally violated and/or injured, all to an extent and in an amount subject to proof at trial.

  _ SOCIAL WORKER and DISTRICT ATTORNEY DEFENDANTS and DOES 1 through 100 acted with malice and with the intent to cause injury to Plaintiff Percy and Sierra or acted with a willful and conscious disregard of the rights of Plaintiff Percy in a despicable manner. Therefore, Plaintiffs is entitled to an award of punitive damages for the purpose of punishing said Defendants and to deter them and others from such conduct in the future.

**FOURTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS**

**(42 U.S.C. § 1983):**

**Fourth Amendment: Unlawful Seizure**

**By Plaintiff PERCY and SIERRA A.**

**Redacted Against the County of San Diego,**

**SDCDA, SDCHHSA, Social Worker Defendants,**

**District Attorney Defendants**

**and DOES 1 through 100**

_ Plaintiff realleges, and to the extent applicable, incorporate by reference as if set forth in full, paragraphs 1 through 58.

_ On Feb 4, 2009 and continuing through October 4, 2010, SOCIAL WORKERS, COUNTY EMPLOYEES, DEPENDENCY GROUP, DISTRICT ATTORNEY, AND JUDGE DEFENDANTS, and each of them, and DOES 1 through 100, inclusive, were acting under color of state law when they acted, agreed, and/or conspired to unlawfully seize, remove, detain and arrest Plaintiffs PERCY Sr. and Sierra A..., from their vehicle and property.

_ SOCIAL WORKERS, COUNTY EMPLOYEES, DISTRICT ATTORNEY, and each of them, and DOES 1 through 100, inclusive, did so without a warrant, court order, probable cause, consent, or other prior authorization. Further, SOCIAL WORKER, JUDGE, COUNTY EMPLOYEE and DISTRICT ATTORNEY DEFENDANTS seized and removed Plaintiff's child without exigent circumstances, i.e., without reasonable cause to believe that the child was in imminent danger of serious bodily injury or death. Finally, even if there were exigent circumstances (which Plaintiff adamantly denies, and which evidence will show), the scope and degree of Defendants' intrusion was not justified by the alleged exigency.

_ By their actions, SOCIAL WORKERS, JUDGES, COUNTY EMPLOYEES and

DISTRICT ATTORNEY DEFENDANTS, and each of them, have violated Plaintiff's right under the Fourth Amendment of the United States Constitution to be free from the unreasonable seizure of their persons and property, as well as those rights under applicable California Law rising to the level of a constitutionally protected right.

_ Defendant COUNTY and its entities SDHHSA, SDCDA, and Juvenile Dependency are vicariously responsible for the conduct of the SOCIAL WORKER, HONORABLE JUDGES and DISTRICT ATTORNEY DEFENDANTS, and DOES 1 through 100, Inclusive, under Government Code Section 815.2 and other applicable statutory and case law.

_ As the direct and proximate result of these SOCIAL WORKERS, JUDGES, COUNTY EMPLOYESS and DISTRICT ATTORNEY DEFENDANTS' violations, and in accordance with 42 U.S.C. Section 1983, Plaintiff civil rights have been violated in that he has suffered, and will continue to suffer, damages, including but not limited to, physical and/or mental anxiety and anguish, as well as incur, and continue to incur, attorneys fees, costs and expenses in the underlying case and in this matter, as authorized by 42 U.S.C. Section 1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

_ SOCIAL WORKERS, JUDGES, COUNTY EMPLOYEES, MD, DEPENDENCY GROUP and DISTRICT ATTORNEY DEFENDANTS' wrongful conduct as herein alleged was intentional and malicious, or was done with a willful and conscious disregard for the rights of Plaintiff. As a result of this despicable conduct, Plaintiff is therefore entitled to recover punitive damages from SOCIAL WORKER, JUDGES, COUNTY EMPLOYEES, MD, DEPENDENCY GROUP and DISTRICT ATTORNEY DEFENDANTS, only in an amount commensurate with the nature of the Defendants' wrongful acts and the amount of the Defendants' wealth.

## FIFTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983):
**Fifth Amendment: Nuisance**

**By Plaintiff PERCY and SIERRA ANDERSON,**

**Redacted Against the County of San Diego, SDCDA, SDCHHSA,**

**MD, Judges, County Employees, Dependency Group, Social Workers**

**and District Attorney Defendants**

**and DOES 1 through 100**

_ Plaintiffs realleges, and to the extent applicable, incorporates by reference as if set forth in full, paragraphs 1 through 58.

_ On Feb 4, 2009 and continuing through October 4, 2010 ___, District Attorney Defendants, and each of them, were acting or purporting to act in performance of their official duties, when they acted, agreed, and/or conspired to deprive Plaintiffs of life, liberty, and property without due process, violated Plaintiffs right to privacy, a right to a fair trial, interfered with the enjoyment of Plaintiffs life and property and discriminated against Plaintiffs Percy and Sierra Anderson.

_ DISTRICT ATTORNEY, JUDGES, COUNTY EMPLOYEES, MD, DEPENDENCY GROUP, and SOCIAL WORKER DEFENDANTS, and each of them, did so without a warrant, court order, probable cause, consent, or other prior authorization. Further, DISTRICT ATTORNEY, JUDGES, COUNTY EMPLOYEES, MD, DEPENDENCY GROUP and SOCIAL WORKER DEFENDANTS conspired , seized and removed Plaintiffs Percy and Sierra Anderson daughter Nevaeh, without exigent circumstances, i.e., without reasonable cause to believe that the child was in imminent danger of serious bodily injury or death. Finally, even if there were exigent circumstances (which Plaintiffs adamantly denies, and which evidence will show), the scope and degree of Defendants' intrusion was not justified by the alleged exigency.

_ By their actions,   SOCIAL WORKER, JUDGES, COUNTY EMPLOYEES, MD, DEPENDENCY GROUP and DISTRICT ATTORNEY DEFENDANTS, and each of them, have violated Plaintiffs Percy and Sierra rights under the Fifth Amendment of the United States Constitution to be free from racial discrimination, or being deprived of life, liberty and property without due process of law, as well as those rights under applicable California Law rising to the level of a constitutionally protected right.

_ Defendant County and its entities SDCDA, SDCHHSA, JUVENILE COURT is vicariously responsible for the conduct of the JUDGES, COUNTY EMPLOYEES, MD, and DEPENDENCY GROUPS, SOCIAL WORKERS and DISTRICT ATTORNEY DEFENDANTS, under Government Code Section 815.2 and other applicable statutory and case law.

_ As the direct and proximate result of JUDGES, COUNTY EMPLOYEES, MD, and DEPENDENCY GROUPS, SOCIAL WORKERS and DISTRICT ATTORNEY DEFENDANTS' violation, and in accordance with 42 U.S.C. Section 1983, Plaintiff's civil rights have been violated in that he has suffered, and will continue to suffer, damages, including but not limited to, physical and/or mental anxiety and anguish, as well as incur, and continue to incur, attorneys fees, costs and expenses in the underlying case and in this matter, as authorized by 42 U.S.C. Section 1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

_ DISTRICT ATTORNEY, JUDGES, COUNTY EMPLOYEES, MD, DEPENDENCY GROUPS and SOCIAL WORKERS DEFENDANTS' wrongful conduct as herein alleged was intentional and malicious, or was done with a willful and conscious disregard for the rights of Plaintiffs. As a result of this despicable conduct, Plaintiff is therefore entitled to recover punitive damages from ALL DEFENDANTS, only in an amount commensurate with the nature of the Defendants' wrongful acts and the amount of the Defendants' wealth.

## SIXTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983):
**Fourteenth Amendment: Equal Protection**

**By Plaintiff PERCY and SIERRA A.**

**Redacted Against the County of San Diego, SDCDA, SDCHHSA,**

**MD, Judges, County Employees, Dependency Group, Social Workers**

**and District Attorney Defendants**

**and DOES 1 through 100**

_ Plaintiff reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

_ Under the circumstances, Plaintiffs were born in the United States and are United States Citizens, Plaintiffs had a right to be free from bias, racial, religious, gender discrimination, treated equal, a right to a fair trial and due process under the Fourteenth Amendment of the United States Constitution.

*§ 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

_ On Feb 4, 2009, and continuing through October 4, 2010, _____, all SOCIAL WORKERS, JUDGES, COUNTY EMPLOYEES, MD, DEPENDENCY GROUP,

and DISTRICT ATTORNEY DEFENDANTS, and DOES 1 through 100, and each of them, were acting under color of state law when they agreed, deprived, and/or conspired to enter the dwelling of Plaintiffs, Defendants illegally searched, questioned, obtained a pick up order without an investigation or a hearing and to

78

intimidate Plaintiff PERCY SR and SIERRA ANDERSON. The 9th Cir. stated that Children may not be removed from their home by police officers or social workers without notice and a hearing unless the officials have a reasonable belief that the children are in imminent danger. **Ram v. Rubin (9th Cir.1997)** … Plaintiff argues that there was not a hearing before the children were removed, and if in fact there were, Plaintiffs were never provided with any notice of this hearing, nor was Plaintiffs informed that their children were being temporarily removed. "When any court violates the clean and unambiguous language of the Constitution, a fraud is perpetrated and no one is bound to obey it." State v. Sutton, 63 Minn… 147 65 NW 262 30 ALR 660, Also see (Watson v. Memphis, 375 US 526; 10 L E d 529, 83 S.Ct. 1314)

Defendants' conduct was without proper justification or authority, and without probable cause, consent, or exigency, (See ***Snell v. Tunnel, (10 Cir. 1990)***. Further, SOCIAL WORKER DEFENDANTS' actions were taken with deliberate indifference of Plaintiffs' rights.

_ SOCIAL WORKERS, JUDGES, COUNTY EMPLOYEES, MD, DEPENDENCY GROUP, and DISTRICT ATTORNEY DEFENDANTS, and DOES 1 through 100, and each of them, conspired to violate the civil rights of the Plaintiffs, including those rights found in the Fourteenth Amendment of the United States Constitution. *Powell* v. *Alabama* **(1932)** Case in which the Court held that defendants were guaranteed a fair trial, under the due process clause of the 14th Amendment. The Fourteenth Amendment demands and requires equal protection of the laws. No person, shall be taken, imprisoned, or seized of his freehold, liberties, privileges, outlawed, exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land. No person shall be denied the equal protection of the laws; nor shall any person be subjected to discrimination by the State because of race, color, religion, gender or national origin. The US Supreme Court has held that Due Process Clause of the Fourteenth Amendment provides more than just "fair process." ***Washington v. Glucksberg***, 521 U.S. 702, 138 L.Ed.2d 772, 117 S.Ct. 2258 (1997). "The Clause also includes a substantive component that 'provides heightened protection against government interference with certain fundamental rights

and liberty interests." ***Troxel v. Granville***, 2530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), ***Owenby v. Young***, 357 N.C. 142, 579 S.E.2d 264 (2003). However, Owenby not only recognized the fundamental right of parents to the custody and control of their children under the Due Process Clause, but also stated that the right is contained within the Equal Protection Clause of the Fourteenth Amendment: "Indeed, the protection of the family unit is guaranteed not only by the Due Process Clause, but also by the Equal Protection Clause of the Fourteenth Amendment and possibly by the Ninth Amendment. Citing ***Stanley v. Illinois,*** 405 U.S. 645, 31 L.Ed.2d 551, 92 S.Ct. 1208 (1972). Parents are also entitled to Procedural Due Process, which includes proper service of process, notice of all the proceedings, a right to be present and an opportunity to be heard. § Sect. 293, subd. (d), (e) of the CA. Juvenile Code provides the rules by which notice of abuse/neglect/dependency proceedings are to be given to parents and other interested parties:

_ Defendant COUNTY and its entities SDCHHSA, D A. OFFICE, DEPENDENCY GROUP,  are vicariously responsible for the conduct of the SOCIAL WORKER, JUDGES, COUNTY EMPLOYEES, MD, DEPENDENCY GROUP and DISTRICT ATTORNEY, DEFENDANTS and DOES 1 through 100, under Government Code Section 815.2 and applicable other statutory and case law.

_ As a direct result of these Defendants' violation, and in accordance with 42 U.S.C. Section 1983, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer, damages, including but not limited to, physical and/or mental anxiety and anguish, as well as to incur, and continue to incur, attorneys fees, costs and expenses in the underlying case and in this matter, as authorized by 42 U.S.C. Section 1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

_ SOCIAL WORKER, JUDGES, COUNTY EMPLOYEES, MD, DEPENDENCY GROUP and DISTRICT ATTORNEY DEFENDANTS' wrongful conduct as herein alleged was intentional and malicious, or was done with a willful and conscious disregard for the rights of the Plaintiffs. As a result of this despicable conduct, Plaintiffs are

therefore entitled to recover punitive damages from all the DEFENDANTS, only in an amount commensurate with the nature of the Defendants' wrongful acts and the amount of the Defendants' wealth.

## SEVENTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983):
#### Fourth Amendment: Unreasonable Search
#### By Plaintiff PERCY and SIERRA A.
#### Redacted Against the Social Workers, Judges,
#### County Employees and District Attorney Defendants
#### and Does 1 through 100

_ Plaintiffs reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

_ under the circumstances and by law, Plaintiffs had a right to be free from unreasonable searches under the Fourth Amendment of the United States Constitution.

_ On Feb 4, 2009, and continuing through October 4, 2010, SOCIAL WORKERS, DISTRICT ATTORNEY and JUDGE, DEFENDANTS, and each of them, were acting or purporting to act in the performance of their official duties when they acted, agreed, and/or conspired to enter the dwelling of, search, question, and intimidate Plaintiffs PERCY Sr. and SIERRA..., Defendants' conduct was without proper justification or authority, and without probable cause, consent, exigency, or court order. (See *Joseph v. Patterson 6th Cir. 1986*). Further, Social Workers, Judges and District Attorney Defendants' actions were taken with deliberate indifference of Plaintiffs' rights.

_ DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER, DEFENDANTS, and each of them, conspired to violate the civil rights of the Plaintiffs, including those rights found in the Fourth Amendment of the United States Constitution by, but not limited to, entering and conducting an unreasonable search of Plaintiffs' home, property and body without a warrant, consent, probable cause, or exigent circumstances, in violation of

81

Plaintiffs' right to be free from unreasonable search under the Fourth Amendment, as well as those rights under applicable California law rising to the level of a constitutionally protected right. Checking Plaintiffs mailbox, breaking into Plaintiffs home and back yard.

_ Defendant County and its entity San Diego County District Attorney Office are vicariously responsible for the conduct of the District Attorney DEFENDANTS under Government Code Section 815.2 and applicable other statutory and case law.

_ As a direct result of District Attorney Defendants' violations, and in accordance with 42 U.S.C. Section 1983, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer, damages, including but not limited to, physical and/or mental anxiety and anguish, as well as to incur, and continue to incur, attorneys fees, costs and expenses in the underlying case and in this matter, as authorized by 42 U.S.C. Section 1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

_ DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER, DEFENDANTS' wrongful conduct as herein alleged was intentional and malicious, or was done with a willful and conscious disregard for the rights of the Plaintiff. As a result of this despicable conduct, Plaintiff is therefore entitled to recover punitive damages from DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER, DEFENDANTS, only in an amount commensurate with the nature of the Defendants' wrongful acts and the amount of the Defendants' wealth.

**EIGHTH CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS**
**(42 U.S.C. §1983):**
**Invasion of Privacy**
**By Plaintiff PERCY and SIERRA A.**
**Redacted Against the County of San Diego,**
**SDCDA, SDCHHSA, MD, Judges, County Employees,**
**Dependency Group, Social Workers and District Attorney**
**Defendants and DOES 1 through 100**

_ Plaintiffs reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

_ Under the circumstances, Plaintiffs had a reasonable expectation of privacy in conducting their personal activities in their private dwelling without observation, intrusion, or interference.

_ On Feb 4, 2009 and through October 4, 2010, SOCIAL WORKERS, DISTRICT ATTORNEY, and  JUDGE, DEFENDANTS , and DOES 1 through 100, inclusive, invaded Plaintiffs' right to privacy by entering and searching Plaintiffs' dwelling without a search warrant, consent, probable cause, or exigent circumstances. DISTRICT ATTORNEY JUDGES, and SOCIAL WORKER DEFENDANTS and DOES 1 through 100 were acting or purporting to act under color of state law.

_ The conduct of the  DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER, DEFENDANTS and DOES 1 through 100 was a serious invasion of Plaintiffs' privacy.

_ In addition, commencing on Feb 4, 2009, Plaintiffs are informed and believe, continuing through October 4, 2010, all DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER, DEFENDANTS, and DOES 1 through 100, and each of them, were acting under color of state law when they acted, agreed, and/or conspired to unlawfully

83

search, remove, enter,  detain, question, threaten, examine, investigate, search, and/or report  Plaintiff PERCY Sr. and SIERRA,   Defendants did so without proper justification or authority, and without probable cause, exigency, or court order. (See ***Morris v. Dearborne 5ᵗʰ Cir. 1999***). Further, Defendants' actions were taken with deliberate indifference of Plaintiffs rights.

_ DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER, DEFENDANTS, and DOES 1 through 100, and each of them, conspired to violate the civil rights of the Plaintiffs Percy and Sierra, including violation of several rights found in the Fourteenth Amendment of the United States Constitution, by, but not limited to, removing, detaining, and continuing to detain  Plaintiff PERCY SR. and SIERRA child Nevaeh from the care, custody, and control of  her parents Plaintiffs Percy Sr., and  SIERRA, without proper or just cause and/or authority; by subjecting Plaintiffs children  to physical examinations without consent, authority, or the presence of the Plaintiffs; by the use of coercion and duress to obtain evidence and testimony; and by using false and fabricated evidence and testimony and failing to provide exculpatory evidence during the pendency of the dependency proceedings in violation of Government Code §820.21, and the Constitutional rights of Plaintiffs.

_ By these actions, Defendants interfered and/or attempted to interfere with Plaintiffs' constitutional rights to procedural due process, familial relations, and privacy under the Fourteenth Amendment, as well as those rights under applicable California Law rising to the level of a constitutionally protected right.

_ Defendant COUNTY and its entities SDCHHSA and D.A office are vicariously responsible for the conduct of the DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER, DEFENDANTS, and DOES 1 through 100, Inclusive, under Government Code Section 815.2 and other applicable statutory and case law.

_ As a direct result of these Defendants' violation, and in accordance with 42 U.S.C. Section 1983, Plaintiffs' civil rights have been violated in that he has suffered, and will

84

continue to suffer, damages, including but not limited to, physical and/or mental anxiety and anguish, as well as to incur, and continue to incur, attorneys fees, costs and expenses in the underlying case and in this matter, as authorized by 42 U.S.C. Section 1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

_ DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER, DEFENDANTS' wrongful conduct as herein alleged was intentional and malicious, or was done with a willful and conscious disregard for the rights of the Plaintiffs. As a result of this despicable conduct, Plaintiffs are therefore entitled to recover punitive damages from DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER, DEFENDANTS, only in an amount commensurate with the nature of the Defendants' wrongful acts and the amount of the Defendants' wealth.

## NINTH CAUSE OF ACTION FOR VIOLATING CIVIL RIGHTS
### (42 U.S.C. § 1983):
### Sixth Amendment
### By Plaintiff PERCY and SIERRA
### Redacted Against the County of San Diego,
### SDCDA, SDCHHSA, MD, Judges, County Employees,
### Dependency Group, Social Workers and District Attorney
### Defendants  and DOES 1 through 100

_ Plaintiff reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

_ Under the circumstances, although not criminally prosecuted, the allegations or

85

criminal acts that the Plaintiffs were accused of were high profile, infamous and serious crimes; they were very serious allegation/accusations. Plaintiffs were the accused and the perpetrators in this case. Plaintiffs had a reasonable expectation and a right to a speedy and public trial by an impartial jury, Plaintiffs also had a right to be informed of the nature and cause of the accusation; to be confronted with the witnesses and to have compulsory process for obtaining witness in Plaintiffs favor. If no crime has been committed, no sexual abuse, no sexual rape, no physical abuse (meaning no visible injuries, no broken bones, no dead child, no internal or external injuries, no sexual rape kit, no doctor report of any abuse, no neglect, no mental or emotional abuse, no pictures of any of the torture allegations that were alleged, no child was at risk.

 _ On Feb 4, 2009 and continuing through October 4, 2010 __, DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER, DEFENDANTS invaded Plaintiffs' right to privacy by entering and searching Plaintiffs' dwelling without a search warrant, consent, probable cause, or exigent circumstances. __, DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER, DEFENDANTS were acting or purporting to act in the performance of their official duties.

 _ DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER, DEFENDANTS conduct was a serious invasion of Plaintiffs' privacy.

 _ In addition, commencing on Feb 4, 2009, continuing through October 4, 2010 Plaintiffs are informed and believe,  DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER,  DEFENDANTS, and each of them, were acting or purporting to act in the performance of their official duties when they aided, abetted, agreed, and/or conspired to invade Plaintiffs privacy unlawfully search, remove, detain, question, threaten, examine, investigate, and/or report  Plaintiff PERCY ANDERSON and SIERRA ANDERSON and their child Nevaeh. DISTRICT ATTORNEY JUDGES, and SOCIAL WORKER, DEFENDANTS did so without proper justification or authority, and without probable cause, exigency, or court order. (See *Morris v. Dearborne 5ᵗʰ Cir. 1999*).  . Further, Defendants' actions were taken with deliberate indifference of Plaintiffs rights.

_ DISTRICT ATTORNEY, JUDGES, and SOCIAL WORKER DEFENDANTS , and each of them, conspired to violate the civil rights of the Plaintiff, including violation of several rights found in the Fourteenth Amendment of the United States Constitution, by, but not limited to, aiding and abetting in the search, removal, detention, and continued detention of Plaintiffs Percy and Sierra children SAMARI, and NEVAEH Anderson out of the care, custody, and control of their father, Plaintiff Percy Sr., and mom, SIERRA, without consent, warrant, court order, probable cause, or exigent circumstances; and by questioning, threatening, examining, and/or investigating Plaintiffs PERCY and SIERRA, and their children.

_ By these actions, Defendants interfered and/or attempted to interfere with Plaintiffs' constitutional rights to procedural due process, familial relations, and privacy under the Sixth and Fourteenth Amendment, as well as those rights under applicable California Law rising to the level of a constitutionally protected right.

_ Defendant COUNTY and its entities SDHHSA, SDDA, Juvenile Dependency are vicariously responsible for the conduct of the SOCIAL WORKER, DISTRICT ATTORNEY and JUDGE DEFENDANTS under Government Code Section 815.2 and applicable other statutory and case law.

_ As a direct and legal result of the SOCIAL WORKER, DISTRICT ATTORNEY and JUDGE DEFENDANTS conduct, Plaintiff has suffered, and will continue to suffer, damages, including but not limited to, physical and/or mental anxiety and anguish, as well as to incur, and continue to incur, attorneys fees, costs and expenses in the underlying case and in this matter, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

_ SOCIAL WORKER, DISTRICT ATTORNEY and JUDGE DEFENDANTS ' wrongful conduct as herein alleged was intentional and malicious, or was done with a

willful and conscious disregard for the rights of the Plaintiffs. As a result of this despicable conduct, Plaintiffs is therefore entitled to recover punitive damages from, SOCIAL WORKER, DISTRICT ATTORNEY and JUDGE DEFENDANTS only in an amount commensurate with the nature of the Defendants' wrongful acts and the amount of the Defendants' wealth.

## TENTH CAUSE OF ACTION FOR VIOLATION OF
### 42 U.S.C. § 1985
**By Plaintiff PERCY and SIERRA**
**Redacted Against the County of San Diego,**
**SDCDA, SDCHHSA, MD, Judges, County Employees,**
**Dependency Group, Social Workers and District Attorney**
**Defendants  and DOES 1 through 100**

 _ Plaintiffs reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

 _ SOCIAL WORKER DEFENDANTS, and each of them, DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS and each of them, and DOES 1 through 100, inclusive, conspired to deprive Plaintiffs of his/her rights under the laws of the United States. Specifically, SOCIAL WORKER DEFENDANTS, DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, and DOES 1 through 100, inclusive, conspired to unlawful detain and search Plaintiffs' property, and unlawfully seize and remove NEVAEH from her home and the care of father Percy Sr. and mom  SIERRA, without a warrant, court order, consent, probable cause, or exigent circumstances or

(belief that minors was in imminent danger of serious physical injury).

_ In addition,  SOCIAL WORKER DEFENDANTS, DISTRICT ATTORNEY
DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS,
DEPENDENCY GROUP DEFENDANTS, and each of them, and DOES 1 through 100,
inclusive, conspired to detain Plaintiffs minor child Nevaeh  beyond a reasonable period
after the basis for detention was negated; and conspired to use trickery, duress,
fabrication and/or false testimony or evidence, conspired to deter other parties or
witnesses from testifying freely, fully, and truthfully in court, hindering, obstructing, and
defeating the due course of justice, intentionally denying Plaintiffs right to equal
protection, and failed to disclose exculpatory evidence, in preparing and presenting
reports and court documents to the Court, causing an interference with the Plaintiffs'
rights, including those as to familial relations.

_   SOCIAL WORKER DEFENDANTS, DISTRICT ATTORNEY DEFENDANTS,
JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY
GROUP DEFENDANTS, and each of them, engaged in said conspiracies for the purpose
of depriving Plaintiffs of  their rights or privileges of  the laws of the State of California
and  of  the  United  States. The  conspiracy  was  motivated  by  hate  and  invidious
discrimination against Plaintiffs on the basis of Plaintiffs perceived sexual orientation,
religion, marital status, gender, color of skin, age, sex, or any other legally protected
status, as evidenced by comments in reports about incest, rape, murder, swinger
relationships, torture, sodemy, being married to a younger woman, Plaintiffs age, being a
black man, being a large black man, stalking because of my religious beliefs, etc.....

_ SOCIAL WORKER DEFENDANTS, DISTRICT ATTORNEY DEFENDANTS,
JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY
GROUP DEFENDANTS,, and each of them, took several acts in furtherance of the
conspiracy, including but not limited to: injuring Plaintiffs' person or property without a
warrant to do so, nor court order, consent, probable cause, or exigent circumstances;
depriving Plaintiffs of having and exercising their rights and privileges of a citizen of the

United States. Unlawfully removing Plaintiff child NEVAEH from their home and the care of their father Percy Sr. and mother Sierra, without probable cause, or exigent circumstances; and by procuring false testimony, fabricating evidence, and failing to disclose exculpatory evidence in preparing and presenting reports and court documents to the Court in relation to the dependency proceedings.

_ Plaintiff PERCY SR. and SIERRA did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Fourth Amendment that protect against unreasonable search and seizure, and those under the Due Process Clause of the Fourteenth Amendment, which has been interpreted to protect the fundamental liberty interest in familial relations.

_ DEFENDANTS' actions are the direct and proximate cause of injuries to Plaintiff as alleged herein; and as a result, Plaintiff have sustained general and special damages, as well as incurring, and continuing to incur, attorneys fees, costs and expenses, including those as authorized by 42 U.S.C. Section 1988, to an extent and in an amount subject to proof at trial.

## ELEVENTH CAUSE OF ACTION FOR VIOLATION OF
## 42 U.S.C. § 1986
**By Plaintiff PERCY and SIERRA**
**Redacted Against the County of San Diego,**
**SDCDA, SDCHHSA, MD, Judges, County Employees,**
**Dependency Group, Social Workers and District Attorney**
**Defendants and DOES 1 through 100**

_ Plaintiff reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

_ DISTRICT ATTORNEYS, JUDGES, COUNTY EMPLOYEES, DEPENDENCY GROUP, and SOCIAL WORKER DEFENDANTS maintain, and at all times relevant to

90

this complaint maintained, customs, policy and practices which were the driving force behind their conspiracy to interfere with Plaintiffs' civil rights in violation of 42 U.S.C. section 1985. Such customs and practices include unreasonable searches and seizures in violation of the Fourth Amendment of the U.S. Constitution; unlawful removal and detention of minor children; and the procuring of false testimony, fabrication of evidence, assault, battery, trespass, nuisance, deceit, false imprisonment, defamation, invasion of privacy, misuse of legal procedure, infliction of emotional and mental distress, discrimination, double jeopardy, fair trial, intrusions into human body,  and refusal to disclose exculpatory evidence in preparing and presenting reports and court documents to the Court in relation to dependency proceedings, all in violation of the right to familial relations under the Due Process Clause of the Fifth and Fourteenth Amendment.

_   DISTRICT ATTORNEYS,  JUDGES, COUNTY EMPLOYEES, DEPENDENCY GROUP, and SOCIAL WORKER DEFENDANTS maintain, and at all times relevant to this Complaint maintained, customs and practices which were the driving force behind their conspiracy to interfere with Plaintiffs' civil rights in violation of 42 U.S.C. section 1985. Such customs include allowing and participating in the unlawful Invasion of Privacy of Plaintiffs' dwelling, without a warrant, consent, probable cause, or exigent circumstances, in violation of the Fourteenth Amendment, which protects against unreasonable intrusions of a humans body and the Fourteenth Amendment, which protects a citizen's right to privacy in conducting her personal activities without observation, intrusion, or interference.

_ DISTRICT ATTORNEYS, JUDGES, COUNTY EMPLOYEES, DEPENDENCY GROUP, and SOCIAL WORKER DEFENDANTS have, and at all times relevant to this complaint had, knowledge of the customs and practices that led to the conspiracy to interfere with the civil rights of Plaintiffs, all Defendants had knowledge of the conspired wrongs to be done and as mentioned in section 1985, are about to be committed. DISTRICT ATTORNEYS, JUDGES, COUNTY EMPLOYEES, DEPENDENCY GROUP, and SOCIAL WORKER DEFENDANTS knew that each individual and DOES 1 through 100 were conspiring to commit wrongs, and were going to commit them and

91

did commit wrong

_ DISTRICT ATTORNEYS, JUDGES, COUNTY EMPLOYEES, DEPENDENCY
GROUP, and SOCIAL WORKER DEFENDANTS, had the power to prevent or aid in
preventing the commission of these wrongs, through the implementation of policies,
procedures, and training programs that would educate and enlighten their employees and
the defendants as to the civil rights of the citizens of the United States and the State of
California.

_ Despite their knowledge, JUDGE DEFENDANTS, COUNTY EMPLOYEE
DEFENDANTS, DEPENDENCY GROUP DEFENDANTS,   refused or neglected to
prevent SOCIAL WORKER DEFENDANTS and DOES 1 through 100 from committing
these wrongs in violation of 42 U.S.C. section 1986.

_ Plaintiffs  PERCY Sr. and SIERRA ANDERSON,  did in fact suffer the deprivation
of numerous rights granted to citizens of the United States, including those under the
Fourth Amendment that protect against unreasonable search and seizure, and those under
the Fifth and Fourteenth Amendment protecting the right to privacy, racial
discrimination, fair trial, and familial relations.

_ Plaintiffs injuries were the direct and proximate result of the actions of the DISTRICT
ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE
DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, SOCIAL WORKER
DEFENDANTS, and DOES 1 through 100, inclusive, which JUDGE DEFENDANTS,
COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS,
SOCIAL WORKER DEFENDANTS could have, through reasonable diligence,
prevented. As a result of the *inaction* of the DISTRICT ATTORNEY DEFENDANTS,
JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY
GROUP DEFENDANTS, SOCIAL WORKER DEFENDANTS Plaintiffs has sustained
general and special damages, as well as incurring, and continuing to incur, attorneys fees,

92

costs and expenses, including those as authorized by 42 U.S.C. Section 1988, to an extent and in an amount subject to proof at trial.


## TWELFTH CAUSE OF ACTION FOR *MONELL* RELATED CLAIMS
### By Plaintiff PERCY and SIERRA
### Redacted Against the County of San Diego,
### SDCDA, SDCHHSA, MD, Judges, County Employees,
### Dependency Group, Social Workers and District Attorney
### Defendants and DOES 1 through 100


_ Plaintiff reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.


_ DEFENDANT COUNTY, including through its SDHHSA, SDCDA, DLG, HJD, MD entities, established and/or followed policies, procedures, customs, and/or practices (hereinafter referred to collectively as "policy" or "policies") which policies were the moving force behind the violations of Plaintiffs' constitutional rights, including those under the Fourth, Fourteenth and Fifth Amendments, by, but not limited to:

? The policy of detaining and/or removing children from their family and homes without exigent circumstances (imminent danger of serious physical injury), court order and/or consent;

? The policy of removing children from the care of their family and from their homes without first obtaining a warrant when no exigency exists;

? The policy of examining children without exigency, need, or proper court order, and without the presence of their proper custodian and/or guardian;

? The policy of removing and detaining children, and not returning them, beyond a reasonable period after the basis for detention is negated;

? the policy of using trickery, duress, fabrication and/or false testimony or evidence, and in failing to disclose exculpatory evidence, in preparing and presenting reports and court documents to the Court causing an interference with the Plaintiffs' rights, including those as to familial relations and injuring and harming them; and

? by acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train its officers, agents, employees and state actors, in providing the Constitutional protections guaranteed to individuals, including those under the Fourth, Fourteenth and Fifth Amendments, when performing actions related to child abuse and dependency type proceedings.

(This list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile dependency type proceedings.)

_ Defendants of the COUNTY, including by and through its entities SDHHSA, SDCDA, DLG, HJD, and MD  each had a duty to Plaintiffs at all times to establish, implement and follow rules, laws, policies, procedures, customs and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the Fourth, Fifth, and Fourteenth amendments; to use reasonable care to select, supervise, train, control and review the activities of all of their agents, officers, employees and those acting under them, including within SDHHSA, SDCDA, DLG, HJD, MD; and further, to refrain from acting with deliberate indifference to the Constitutional rights of Plaintiffs  herein so as to not cause Plaintiffs the injuries and damages alleged herein.

_ The COUNTY breached its duties and obligations to Plaintiffs including but not limited to,  failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control, and review their agents, officers and employees as to their compliance with Constitutional safeguards; and by permitting the DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS and DOES 1 through 100, inclusive, to engage in the

unlawful and unconstitutional conduct as herein alleged.

_ Defendants knew, or should have known, that by breaching the above-mentioned duties and obligations that it was foreseeable that they would, and did, cause Plaintiffs to be injured and damaged by their wrongful policies and acts as alleged herein, and that such breaches occurred in contravention of public policy and their legal duties and obligations to Plaintiffs; and that such policies would subject Plaintiffs to injunctive relief which Plaintiffs assert herein.

_ These actions, and/or inactions, of Defendants are the direct and proximate cause of the injuries inflicted upon Plaintiffs as alleged herein; and as a result, Plaintiff have sustained general and special damages, as well as incurring, and continuing to incur, attorneys fees, costs and expenses, including those as authorized by 42 U.S.C. Section 1988, to an extent and in an amount subject to proof at trial.

## THIRTEENTH CAUSE OF ACTION FOR *MONELL* RELATED CLAIMS
### By Plaintiff PERCY and SIERRA
### Redacted Against the County of San Diego,
### SDCDA, SDCHHSA, MD, Judges, County Employees,
### Dependency Group, Social Workers and District Attorney
### Defendants and DOES 1 through 100

_ Plaintiff reallege, and to the extent applicable, incorporate herein as if set forth in full, Paragraphs 1 through 58.

_ At all times relevant herein, Defendant COUNTY, including through its SDHHSA, SDCDA, DLG, HJD, MD;  entities, established and/or followed policies, procedures,

customs, and/or practices (hereinafter referred to collectively as "policy" or "policies") which policies were the cause of violations of Plaintiffs' constitutional rights, including those under the Fourth, Fifth and Fourteenth Amendments, by, but not limited to:

? The policy of entering and searching the dwelling of a third party without probable cause to believe that the suspect subject to the arrest warrant is inside;

? The policy of inviting third party agents of unrelated agencies to enter the private dwelling of another without a search warrant;

? Aiding and abetting in the violation of civil rights guaranteed to individuals, including those under the Fourth (protecting against unreasonable search and seizure) and Fourteenth (protecting against invasion of autonomy privacy) Amendments, by engaging in the aforementioned conduct;

? Conspiring to violate civil rights guaranteed to individuals, including those under the Fourth (protecting against unreasonable search and seizure) and Fourteenth (protecting against invasion of autonomy privacy) Amendments, by engaging in the aforementioned conduct.

(This list is not exhaustive due to the pending nature of discovery and the privileged and protected records of investigative and juvenile dependency type proceedings.)

_ Defendant County, as well as SDHHSA, SDCDA, DLG, HJD, MD;, as agency or agent of the County, had a duty to Plaintiffs at all times to establish, implement and follow policies, procedures, customs and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the Fourth, Fifth and Fourteenth amendments; to use reasonable care to select, supervise, train, control and review the activities of all of their agents, officers, employees and those acting under them, including within SDHHSA, SDCDA, DLG, HJD, MD;  and further, to refrain from acting with deliberate indifference to the Constitutional rights of Plaintiffs so as to not cause them the injuries and damages alleged herein.

_ County breached its duties and obligations to Plaintiffs including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control,

and review their agents and employees as to their compliance with Constitutional safeguards; and by permitting the DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS  to engage in the unlawful and unconstitutional conduct herein alleged.

_ Defendants knew, or should have known, that by breaching the above-mentioned duties and obligations that it was foreseeable that they would, and did, cause Plaintiffs to be injured and damaged by their wrongful policies and acts as alleged herein, and that such breaches occurred in contravention of public policy and their legal duties and obligations to Plaintiffs; and that such policies would subject them to injunctive relief which Plaintiffs assert herein.

_ These actions, and/or inactions, of Defendants are the direct and proximate cause of injuries to Plaintiffs as alleged herein; and as a result, Plaintiffs have sustained general and special damages, as well as incurring, and continuing to incur, attorneys fees, costs and expenses, including those as authorized by 42 U.S.C. Section 1988, to an extent and in an amount subject to proof at trial.

## FOURTEENTH CAUSE OF ACTION FOR VIOLATION OF STATE CIVIL RIGHTS
### By Plaintiff PERCY and SIERRA
### Redacted Against the County of San Diego,
### SDCDA, SDCHHSA, MD, Judges, County Employees,
### Dependency Group, Social Workers and District Attorney
### Defendants and DOES 1 through 100

_ Plaintiff reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

_ Each of the DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS,

COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS , and DOES 1 through 100, inclusive, are individuals who were acting under color of law in conducting an investigation and related proceedings and matters as described in Government Code section 820.21(a).

_ As a result of Defendants' conduct, set forth at length above, Defendants and each of them, by the use of threats, intimidation, and coercion, (or attempts to threaten, intimidate, or coerce), interfered with Plaintiffs exercise and enjoyment of the rights secured by the United States Constitution and other Federal laws, and the Constitution and laws of the State of California, including but not limited to Government Code Section 820.21. Defendants did so by, but not limited to, the fabrication of evidence, failure to disclose exculpatory evidence, and by obtaining, and/or attempting to obtain, testimony by duress, fraud and undue influence, as incorporated above.

_ The acts of Defendants, and each of them, as previously alleged in this Complaint and incorporated by this reference herein to the extent applicable, interfered, or attempted to interfere, with the exercise of Plaintiffs' rights under the laws and Constitution of the State of California, including the Plaintiffs' rights of privacy, and those rights under Civil Code sections 43, 49, 51, 52.1, and other applicable state and federal laws.

_ Defendant COUNTY and its entities  SDHHSA, SDCDA, DLG, HJD, MD;  are vicariously responsible for the conduct of the  DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS , and DOES 1 through 100, Inclusive, under California Government Code Section 815.2 and applicable other statutory and case law.

_ As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiffs have suffered and will continue to suffer great emotional and psychological distress, humiliation and mental anguish, the nature and amount of which will be shown according to proof at trial.

98

_ The rights violated by Defendants, and each of them, are protected by California Civil Code sections 43, 49, 51, and 52.1, which entitle Plaintiffs to compensatory and punitive damages, injunctive relief, statutory civil penalty (including $25,000.00 as to each individual Defendant) and attorneys' fees, as provided for by laws and the Constitution of the State of California and are requested herein.

_ In doing the acts alleged in this Complaint, Defendants, and each of them, knew or should have known, that their actions would, or were likely to, injure and damage Plaintiffs, and Plaintiffs are informed and believe, and thereon allege, that the Defendants, and each of them, intended to cause injury and damage to Plaintiff, and/or acted with a willful and conscious disregard of Plaintiffs rights, thus entitling Plaintiffs to recover punitive damages as against DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS , and DOES 1 through 100, inclusive.

## FIFTEENTH CAUSE OF ACTION FOR VIOLATION OF DEFAMATION
### By Plaintiff PERCY and SIERRA
### Redacted Against the County of San Diego,
### SDCDA, SDCHHSA, MD, Judges, County Employees,
### Dependency Group, Social Workers and District Attorney
### Defendants and DOES 1 through 100

_ Plaintiff  reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

_ All of the COUNTY DEFENDANTS, and each of them, are individuals who were acting under color of law in conducting an investigation and related proceedings and matters as described in .

_ As a result of Defendants' conduct, set forth at length above, Defendants and each of them, by the use of threats, accusations, intimidation, coercion, calumny, libel, slander (or attempts to threaten, mislead, intimidate, or coerce), deliberately, intentionally, attacked and interfered with Plaintiffs' honor, character, reputation, exercise and enjoyment of the rights secured by the United States Constitution and other Federal laws, and the Constitution and laws of the State of California, including but not limited to Government Code Section 820.21, by the fabrication of evidence, false publication, abuse of process, failure to disclose exculpatory evidence, and/or by obtaining, and/or attempting to obtain, testimony by duress, fraud and undue influence, as incorporated above.

_ The acts of Defendants and each of them as previously alleged in this Complaint and incorporated by this reference herein to the extent applicable, slandered, defamed, interfered, or attempted to interfere, with the exercise of Plaintiffs' rights under the laws and Constitution of the State of California, including the Plaintiffs' rights of privacy, family, home, honor, reputation and those rights under the United States Laws and other applicable state and federal laws.

_ Defendant COUNTY and its entities SDHHSA, SDCDA, DLG, HJD, MD are vicariously responsible for the conduct of the DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS , under California Government Code Section 815.2 and applicable other statutory and case law.

_ As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiffs has suffered and will continue to suffer great emotional and psychological distress, humiliation and mental anguish, the nature and amount of which will be shown according to proof at trial.

_ The rights violated by Defendants, and each of them, are protected by California Civil Code sections 43, 49, and 52.1, which entitle Plaintiffs to compensatory and punitive

damages, injunctive relief, statutory civil penalty (including $25,000.00 as to each individual Defendant) and attorneys' fees, as provided for by laws and the Constitution of the State of California and are requested herein.

_ In doing the acts alleged in this Complaint, Defendants were aware, had knowledge, knew the statements were false or issued the statements with reckless disregard as to its truth, or that it was published " with reckless disregard of whether it was false or not", published the information without Plaintiffs consent, the statements were "clearly false", the statements caused Plaintiffs harm, the statements injured Plaintiffs character and reputation, the statements were made without adequate research into the truthfulness of the statements, they were made with the intent to do harm.

_ Plaintiff was directly or indirectly identified, the remarks were racial and defamatory towards Plaintiffs reputation, the defendants are not only at fault, the Defendants and DOES 1-100, knew, had knowledge or should have known, that their actions would, or were likely to, injure and damage Plaintiffs character and reputation, and Plaintiffs is informed and believe, and thereon allege, that the Defendants, and each of them, made these statements with "actual malice" and purposely intended to cause injury and damage to Plaintiffs, and/or acted with a intentional/willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs to recover punitive damages as against DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS.

<u>SIXTEENTH CAUSE OF ACTION</u>
<u>FOR VIOLATION OF THE UNRUH CIVIL RIGHTS ACT</u>
By Plaintiff PERCY and SIERRA
Redacted Against the County of San Diego,
SDCDA, SDCHHSA, MD, Judges, County Employees,
Dependency Group, Social Workers and District Attorney
Defendants and DOES 1 through 100

101

_ Plaintiff reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

_ Plaintiffs Sierra and Percy Anderson claims that Defendant COUNTY, DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS, and DOES 1 through 100, inclusive, have denied, and/or incited the denial of their full and equal advantages, privileges, and services.

_ The motivating reason for Defendants conduct was their perception of Percy Sr. and Sierra Anderson perceived sexual orientation, religion, marital status, gender, color of skin, age, sex, race, parental skills, character or any other legally protected status, as evidenced by comments in reports and documents. There was never any truth, circumstantial or physical evidence to the allegations that Plaintiff Percy Sr. is a child molester, rapist, pedophile, polygamist, child abuser, stalker, convicted murderer, pimp, terrorist, drug dealer, gang member, statutory rapists, kidnapper, child abuser, wife abuser, incestuous marriage, giving kids bleach and poison, attempted murderer, arsonists, parolee, gang rapist, three striker or a psychopath as alleged in the court reports.

_ As a direct and legal result of Defendants extreme, intentional, outrageous and discriminatory conduct, Plaintiff Percy Sr. and Sierra Anderson has suffered and will continue to suffer severe emotional and psychological distress, humiliation and mental anguish, the nature and amount of which will be shown according to proof at trial. Plaintiff Percy and Sierra is very religious people and they are human beings, law abiding citizens, African/Indian Americans and were severely traumatized and offended by these comments, their actions and their implications by the Defendants.

_ As a direct and legal result of Defendants extreme, outrageous and discriminatory conduct, Plaintiff Percy Sr. and Sierra Anderson has also suffered injury to his right to familial association guaranteed to him under the laws of the State of California under

sections 43 and 49 of the Civil Code.

**SEVENTEENTH CAUSE OF ACTION**
**(IIED) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**By Plaintiff PERCY and SIERRA**
**Redacted Against the County of San Diego,**
**SDCDA, SDCHHSA, MD, Judges, County Employees,**
**Dependency Group, Social Workers and District Attorney**
**Defendants and DOES 1 through 100**

_ Plaintiffs  reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

_ Plaintiffs Sierra and Percy Anderson claims that Defendant COUNTY, and DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS,  and DOES 1 through 100, inclusive, engaged in the above-mentioned reckless, extreme, outrageous, intentional, unlawful and unprivileged misconduct, that resulted in racial discrimination, defamation of character, extreme and intentional severe emotional distress, including, but not limited to, discriminatory harassment, false arrest, fraud and false statements, bribery, intimidation, racial comments/slurs, conspiracy, corruption, double jeopardy,  hate crimes, false imprisonment, defamation, slander, unlawfully removing, detaining, and continuing to detain  Plaintiffs minor children  from their home and the care of their father PERCY SR. and mom SIERRA ANDERSON; questioning and obtaining testimony from Plaintiffs PERCY Sr. and  SIERRA  through the use of undue influence, coercion, and duress; and maliciously failing to provide exculpatory evidence, and falsely and maliciously alleging and reporting that the minor NEVAEH was being physically and sexually abused, at risk and/or neglected by their father Plaintiff PERCY SR. and  mom SIERRA .

_ Defendants, and each of them, intended to cause harm to Plaintiffs, or acted with a reckless disregard of the possibility that Plaintiff would suffer intentional severe emotional distress.

_ Defendant COUNTY and its entities SDHHSA, SDCDA, DLG, HJD and MD are vicariously responsible for the conduct of the DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS,   and DOES 1 through 100, Inclusive, under California Government Code Section 815.2 and applicable other statutory and case law.

_ As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiffs suffered extreme emotional and physical distress, including, but not limited to, fright, nervousness, sleeplessness, anxiety, worry, mortification, shock, humiliation and indignity to an extent and in an amount subject to proof at trial.

_ DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS,  acted knowingly, intentionally and willfully, with malice and oppression, and with the intent to harm Plaintiff in a despicable manner. Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS,  and to deter them and others from such conduct in the future.

## EIGHTEENTH CAUSE OF ACTION
## FOR (NIED) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### By Plaintiff PERCY and SIERRA
### Redacted Against the County of San Diego,
### SDCDA, SDCHHSA, MD, Judges, County Employees,
### Dependency Group, Social Workers and District Attorney
### Defendants and DOES 1 through 100

_ Plaintiffs reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 58.

_ DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS,  and (Names Unknown) inclusive, engaged in extreme, outrageous, and unprivileged conduct when the Defendants engaged in the above-mentioned reckless, outrageous, intentional, unlawful and unprivileged misconduct, that resulted in racial discrimination, defamation of character, extreme and negligent infliction of emotional distress, including, but not limited to, discriminatory harassment, false arrest, fraud and false statements, cruel and unusual punishment, bribery, intimidation, racial comments/slurs, conspiracy, corruption, double jeopardy, hate crimes, false imprisonment, defamation, slander, unlawfully removing, detaining, and continuing to detain  Plaintiffs minor children  from their home and the care of their father  PERCY SR. and  mom  SIERRA  ANDERSON; questioning and obtaining testimony from Plaintiffs PERCY Sr. and  SIERRA  through the use of undue influence, threats, force,  coercion, and duress; and maliciously failing to provide exculpatory evidence, and falsely and maliciously alleging and reporting that the minor NEVAEH was being physically and sexually abused, at risk and/or neglected by their father Plaintiff PERCY SR. and  mom  SIERRA Anderson.

105

_ Defendants, and each of them, intended to cause harm to Plaintiffs, or acted with a reckless disregard of the possibility that Plaintiffs would suffer extreme emotional distress.

_ Defendants COUNTY and SDHHSA, SDCDA, DLG, HJD and MD are vicariously responsible for the conduct of these Defendants under Government Code section 815.2, and other applicable statutory and case law.

_ As the direct and legal result of Defendants' extreme and outrageous conduct, Plaintiffs suffered, and continues to suffer, severe emotional and physical distress including, but not limited to, fright, depression, headaches, nervousness, sleeplessness, anxiety, worry, mortification, shock, humiliation and indignity to an extent and in an amount subject to proof at trial.

_ DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, M.D and SOCIAL WORKER DEFENDANTS, acted knowingly and willfully, with malice and oppression, and with the intent to harm Plaintiffs in a despicable manner. Therefore, Plaintiffs is entitled to an award of punitive damages for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

## NINETEENTH CAUSE OF ACTION FOR FIFTH AMENDMENT
**By Plaintiff PERCY and SIERRA**
**Redacted Against the County of San Diego,**
**SDCDA, SDCHHSA, MD, Judges, County Employees,**
**Dependency Group, Social Workers and District Attorney**
**Defendants and DOES 1 through 100**

_ Plaintiff reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1__ through 58.

_ All Defendants and each of them, with the encouragement, knowledge, advice, counsel and/or at the request, direction, authorization and/or agreement of the other Defendants, by their conduct caused and/or intended to cause or deprive Plaintiffs of life, liberty, or deprivation of property, without due process of law; The imminent harmful conduct included, but was not limited to, physical movement, seizure of Nevaeh without giving Plaintiffs any notice of a hearing in a court proceeding, an opportunity to be present or heard, a fair trial, violating the Fifth and Fourteenth Amendment. Defendants' threats, detention, detainment, intimidation, bias, discrimination and harm resulted in fear, as stated herein. The Judge Defendants engaged in an egregious discrimination against Plaintiff Percy and Sierra violating the equal protection rights. Defendants conduct violated Plaintiffs Procedural & Substantive due process rights by holding court hearings more than 30 times without giving any notices to Plaintiffs, not allowing Plaintiffs to be present during these proceeding, nor notifying Plaintiffs of the court dates and denying Plaintiffs the right to have an opportunity to be heard in any court proceeding that involves Plaintiffs. DEFENDANTS violated Plaintiffs freedom of property, freedom from bodily invasion, by ordering Plaintiffs to take a Blood Test for their children, freedom of association, freedom of privacy, freedom to enjoy, freedom of choice, freedom from racial and sexual discrimination, right to have a fair hearing. (See Morris v. Dearborne 5th Cir. 1999)..,"Larson v. Palmateer (9th Cir. 2007) 515 F.3d 1057, 1067.)

_ As a direct and proximate result of Defendants' tortuous, judicial and unlawful misconduct, Plaintiff has suffered extreme, intentional infliction emotional and physical distress, including anguish and fear to an extent and in an amount to be proven at trial.

_ Defendant COUNTY, through its entities SDHHSA, SDCDA, DLG, HJD and MD , is vicariously responsible for the conduct of the HONORABLE JUDGE DEFENDANTS and SOCIAL WORKER DEFENDANTS and DOES 1 through 100, inclusive, under

Government Code § 815.2 and applicable other statutory and case law.


_ HONORABLE JUDGE DEFENDANTS and SOCIAL WORKER DEFENDANTS and DOES 1 through 55 acted with malice and with the intent to cause injury to Plaintiffs Sierra and Percy or acted with willful and conscious disregard of the rights of Plaintiff in a despicable manner, with extreme and outrageous conduct, and therefore, caused a miscarriage of justice, and therefore, Plaintiffs is entitled to an award of punitive damages for the purpose of punishing said Defendants to deter them and others from such conduct in the future.


### TWENTIETH CAUSE OF ACTION FOR INJUNCTIVE RELIEF
**By Plaintiff PERCY and SIERRA**
**Against the County of San Diego,**
**SDCDA, SDCHHSA, MD, Judges, County Employees,**
**Dependency Group, Social Workers and District Attorney**
**Defendants and DOES 1 through 100**


_ Plaintiffs reallege, and to the extent applicable, incorporate herein as if set forth in full, paragraphs 1 through 55.


_ As stated herein, Plaintiffs, as a citizen and individual, is protected by the laws of the State of California, as well as those of the United States Constitution, including the Fourth, Fifth and Fourteenth Amendments
thereto.


_ As stated herein, DISTRICT ATTORNEY DEFENDANTS, JUDGE DEFENDANTS, COUNTY EMPLOYEE DEFENDANTS, DEPENDENCY GROUP DEFENDANTS, SOCIAL WORKER DEFENDANTS and DOES 1 through 100, inclusive, have wrongfully, unlawfully, and with deliberate indifference to the rights of Plaintiffs, and

with utter disregard of Defendants' duties and obligations to Plaintiffs, acted, practiced and/or adopted policies, practices, procedures and/or customs which are in violation of the rights of Plaintiffs, including those to be free from governmental interference as to their familial associations and from unreasonable searches or seizures, including those relating to child abuse allegations and related actions and proceedings.

_ Defendants have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the incidents at issue in the present action, and Plaintiffs are informed and believe, and on that basis allege, that presently Defendants have not changed or modified such actions, conduct and/or policies to conform to law.

_ Defendants' wrongful and unlawful conduct, actions and/or policies, unless and until enjoined and restrained by order of this court, will cause, and continue to cause, great and irreparable injury to Plaintiffs, and other individuals and citizens, in that Defendants will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations under state and federal law, including those under the Fourth, Fifth and Fourteenth amendments as alleged herein above.

_ Plaintiff has no adequate remedy at law to prevent or prohibit Defendants from continuing, and/or repeating, their unlawful and unconstitutional conduct and policies other than through injunctive relief, and therefore seek an order enjoining and prohibiting Defendants from, but not limited to, the following:
? The policy of detaining and/or removing children from their family and homes without exigent circumstances (imminent danger of serious physical injury), court order and/or consent;
? The policy of removing children from the care of their family and from their homes without first obtaining a warrant when no exigency exists;
? The policy of examining children without exigency, need, or proper court order, and without the presence of their proper custodian and/or guardian;

? The policy of removing and detaining children, and not returning them, beyond a reasonable period after the basis for detention is negated;

? the policy of using trickery, duress, fabrication and/or false testimony or evidence, and in failing to disclose exculpatory evidence, in preparing and presenting reports and court documents to the Court causing an interference with the Plaintiffs' rights, including those as to familial relations and injuring and harming them; and

? by acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train its officers, agents, employees and state actors, in providing the Constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments, when performing actions related to child abuse and dependency type proceedings.

? The policy of entering and searching the dwelling of a third party without probable cause to believe that the suspect subject to the arrest warrant is inside;

? The policy of inviting third party agents of unrelated agencies to enter the private dwelling of another without a search warrant;

? Aiding and abetting in the violation of civil rights guaranteed to individuals, including those under the Fourth (protecting against unreasonable search and seizure) the Fifth (the right to be heard and attend any court proceeding, due process) and Fourteenth (protecting against invasion of autonomy privacy) Amendments, by engaging in the aforementioned conduct;

? Conspiring to violate civil rights guaranteed to individuals, including those under the Fourth (protecting against unreasonable search and seizure) and Fourteenth (protecting against invasion of autonomy privacy) Amendments, by engaging in the aforementioned conduct.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

As to all causes of action:

1. Plaintiffs demand a jury trial as to the issues so triable;

2. General damages and special damages according to proof;

3. Punitive damages as allowed by law;

4. Attorneys fees pursuant to 42 U.S.C. § 1988, and any other appropriate statute;

5. Injunctive relief, both preliminary and permanent, as allowed by law, (including preliminary injunctive relief based upon a separate application);

6. Costs of suit incurred herein; and

7. Such further relief as the Court deems just and proper.

Dated: August 30, 2011 _____

PERCY L. ANDERSON SR.

SIERRA   ANDERSON